UNITED STATES TITLE GUARANTY & INDEMNITY CO. et al. v. DONOHUE et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

MORTGAGES—FORECLOSURE—PAYMENT.

A mortgagee, obtaining a judgment of foreclosure, purchased the premises, and as a part of the foreclosure proceeding gave a receipt for the amount due. Susequently the judgment was reversed, and in an action by the owner of the equity of redemption it was adjudged that the referee's deed was void, and the owner of the equity was awarded possession as against the mortgagee. *Held*, that the mortgage remained an incumbrance; the receipt, without any explanation except that furnished by the judgments, not showing a payment of the debt.

Appeal from Order Entered on Report of Referee.

Action by the United States Title Guaranty & Indemnity Company and another against Annie Donohue and another for the foreclosure of a mortgage. From an order confirming the report of a referee in surplus money proceedings, August Schieck appeals. Reversed, with directions.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

August P. Wagener, for appellant.
J. Wilson Bryant, for respondents.

INGRAHAM, J. This action was brought to foreclose a mortgage upon property in the city of New York, in which a judgment of foreclosure and sale was entered on November 26, 1904, and subsequently the property was sold and conveyed by the referee. After the payment of the amount due on the mortgage, there was a surplus of $5,238.34. To this surplus there were three claimants. The appellant, Schieck, claimed $2,000 and interest under a mortgage executed by the owner of the equity of redemption on April 6, 1900, which was claimed to be a second mortgage upon the premises next to the mortgage foreclosed in this action. The respondent Henderson claimed $1,100, with interest from October 25, 1900, by virtue of a mortgage made by the owner of the equity of redemption, and Mary L. McDevitt claimed as the assignee of the owner of the equity of redemption. It was referred to a

referee to ascertain and report to the court the amount due to those who had liens on the mortgaged premises at the time of the sale, and to ascertain the priorities of the several liens. The referee reported that the respondent Henderson be paid the amount of the mortgage, and the balance of the surplus may be paid to respondent McDevitt. He also reported that the appellant, Schieck, was paid the amount of his mortgage of $2,000. This was based upon a receipt executed by Schieck to a referee in an action to foreclose his mortgage, in which Schieck was plaintiff, and Donohue, the owner of the equity of redemption, was defendant. This report was excepted to, but was confirmed by the court.

Upon the proceedings before the referee, counsel for the appellant offered in evidence a mortgage made by Annie Donohue, the owner of the equity of redemption, to August Schieck, dated August 6, 1900, and recorded on the 18th day of May, 1900, to secure the payment of $2,000, and the bond to secure which that mortgage was given. It was then admitted that no interest had been paid on the bond and mortgage of Schieck's. There was then introduced in evidence a judgment roll in an action in the Supreme Court in which Schieck was plaintiff against Annie Donohue, the owner of the equity of redemption, filed June 23, 1904, directing a foreclosure of this mortgage, and it was stipulated that this judgment had not been paid. This judgment was to foreclose this mortgage for $2,000. Judgment was entered directing a foreclosure and sale by a referee. Upon this proof the appellant, Schieck, rested.

The facts upon which the referee had found that the appellant's mortgage had been paid are as follows: The appellant commenced an action against the owner of the equity of redemption to foreclose this $2,000 mortgage. He obtained a judgment in that action, and the property was sold by the referee, and was purchased at that sale by the appellant. The appellant thereupon assigned his bid to one Toensing, who took a conveyance of the property from the referee, and as part consideration for that conveyance to Toensing, the plaintiff in that action, the appellant here, signed a receipt for the amount due on the mortgage. Subsequently the judgment in that action was reversed, and by a judgment entered in an action wherein the owner of the equity of redemption was plaintiff, it was adjudged that the referee's deed was void, and the owner of the equity of redemption was awarded possession of the property, and recovered, as against this appellant and the purchaser, the mesne profits. It was there found and adjudged in that action that the defendant Toensing took title to the property in question, and held it merely as a dummy of Schieck, the mortgagee, and the plaintiff in that action was awarded possession of the property upon the ground that Schieck was the real purchaser, and the judgment of foreclosure and sale under which the sale was made was declared null and void, and the deed given by the referee under said judgment was directed to be given up, canceled, and discharged of record as null and void. We therefore have a concededly valid mortgage in favor of Schieck. He attempted to foreclose that mortgage, and obtained a judgment under which he became the purchaser. As a part of that proceeding, he gave a receipt to the referee for the amount due upon that mortgage.

The judgment under which the property was sold was reversed, and subsequently, in an action brought by the owner of the equity of redemption, it was adjudged that Schieck was the purchaser at that sale, and, that judgment having been reversed, the deed by the referee was null and void.   The judgment in the action in which the receipt was given and the deed executed in pursuance of its provisions were set aside, and the plaintiff awarded possession of the property; and yet a receipt given in that action, which was, in substance, a receipt for the payment of the mortgage by a conveyance of the property, has been held to be a payment of the mortgage, although the conveyance of the property has been declared void and set aside, and the judgment under which the conveyance was made has also been declared void and set aside.   By the reversal of the judgment of foreclosure and the recovery of the property by the owner of the equity of redemption and the annulment of the judgment of foreclosure and the deed of the referee the whole foundation for the claim that the mortgage was satisfied or discharged in that proceeding was taken away, and it is quite clear that that mortgage remained an existing incumbrance upon the property. The referee seems to have held that this receipt was controlling, because the appellant personally did not attend to explain it, but it was fully explained by the orders and judgments in the action between the parties which were introduced in evidence.   The existence of this mortgage was also established by the judgment entered on the 23d day of June, 1904, which directed a foreclosure of this mortgage.   It was certainly an adjudication that the mortgage was in existence and unpaid at the date of the entry of that judgment, and the parties stipulated that the judgment had not been paid.   It seems to me clear that the record conclusively established the fact that the mortgage for $2,000 had not been paid, and the appellant was entitled to be paid the amount of that mortgage and interest.

It follows that the order appealed from must be reversed, the exceptions to the report by the appellant sustained, and the final order modified by directing that the appellant, Schieck, be first paid the amount of his mortgage and interest to the date of payment, and that the respondent Henderson be then paid the amount due on her mortgage and interest, and the balance of the surplus money be paid to the respondent McDevitt, with $10 costs and disbursements of this appeal to the appellant, payable out of the fund.   All concur.

99 N.Y.S.—41