# People's Savings Bank of Pittsburgh, Appt., v. John Alexander.

One who purchases land without knowledge of any defect in his vendor's title will not be compelled to accept a doubtful title, or one that would probably require a lawsuit to establish its validity.

The existence of a street legally laid out, but not opened for use, across a lot, is an encumbrance upon so much of the lot as it covers, sufficient to excuse the purchaser from performing on his part if it was not disclosed to him when the bargain was made. He is entitled to a decree relieving him from the purchase, and ordering the vendor to refund any portion of the purchase money he has received.

(Decided April 19, 1886.)

Cited in Hymes v. Estey, 116 N. Y. 507, 15 Am. St. Rep. 421, 22 N. E. 1087, holding that a breach of a covenant of quiet enjoyment is shown where, at the time of the execution of the conveyance containing the covenant, the public had a right to appropriate a portion of the land for a public street, which right was subsequently exercised; and in Evans v. Taylor, 177 Pa. 286, 290, 39 W. N. C. 208, 35 Atl. 635.

Note.—This case is fully discussed and followed in Evans v. Taylor, 177 Pa. 286, 39 W. N. C. 208, 35 Atl. 635. A distinction is there drawn between such contracts when executory as in this case, and when executed by the delivery of the deed. It is immaterial whether or not the vendee had notice of the street, where there is a covenant against encumbrances.

Certiorari sur appeal from a decree of the Common Pleas, No. 3, of Philadelphia County in equity. Affirmed.

This action was commenced by the filing of a bill for specific performance of a contract for the sale and purchase of a tract of land. It was brought by the vendor, the People's Savings Bank of Pittsburgh, against the vendee, John Alexander. With his answer defendant filed a cross bill for the recovery of the hand money which he had paid, alleging the failure of the vendor to give a good title.

With a single exception all the objections to the title made by Mr. Alexander were by the master shown to be unfounded. The single exception is the alleged existence of a street, laid out but not opened over the said lot, called Valley street. The master found as a fact that this street was lawfully laid out over the property and might be opened at any time, and that the existence of this street was an encumbrance or restriction upon a portion of said lot, sufficient to bar the plaintiff from a decree in its favor. He therefore reported that on this point alone the plaintiff's bill be dismissed with costs; that the relief prayed in the cross bill be granted and the complainant ordered to return the $1,000 hand money paid by the defendant, with interest from January 18, 1881.

The plaintiff excepted to these rulings of the master. On October 24, 1885, the court of common pleas dismissed the exceptions and confirmed the report, and the plaintiff appealed.

*E. Coppee Mitchell,* for appellants.—Valley street was not laid out in accordance with the requirements of the act of April 11, 1866 (P. L. 593), and hence was never lawfully laid out. The existence of Valley street, if lawfully laid out, would be no bar to plaintiff's relief.

A public road upon lots of ground which the owner had covenanted to sell and convey is not such an encumbrance as will entitle the vendee to defalk from the amount of the purchase money in an action of covenant upon the agreement of sale. Patterson v. Arthurs, 9 Watts, 152; Peck v. Jones, 70 Pa. 83; Ake v. Mason, 101 Pa. 19.

Contracts entered into in a spirit of peace and for the settlement of unadjusted demands will not, when executed by persons of intelligence and under circumstances which indicate caution

and a knowledge of what is done, be readily questioned in equity, but will be protected and enforced. May v. Le Claire, 11 Wall. 217, 20 L. ed. 50; Brooke v. Mostyn, 2 De G. J. & S. 373, 416.

*Angelo T. Freedley* and *Wm. Henry Rawle,* for appellee.— Specific performance is always matter of grace, and not of right, and will be refused, not only where injustice may result, but where facts and circumstances found to exist were not in the minds of the contracting parties at the time of contract. Rennyson v. Rozell, 106 Pa. 407; Cortelyou's Appeal, 102 Pa. 576; Malins v. Freeman, 2 Keen, 25.

The appellant was bound to prove its title. No evidence whatever was given of its validity. If this is not so, the defendant may be compelled to pay for moonshine, and this would be gross injustice. Negley v. Lindsay, 67 Pa. 218, 229, 5 Am. Rep. 427. See Dearth v. Williamson, 2 Serg. & R. 500, 7 Am. Dec. 652; Heron v. Hoffner, 3 Rawle, 393; Smith v. Webster, 2 Watts, 483; Swayne v. Lyon, 67 Pa. 437.

The burden of proof is invariably on the complainant in an action for specific performance. Hewitt v. Campbell, 109 U. S. 103, 27 L. ed. 871, 3 Sup. Ct. Rep. 68; Fussell v. Rhodes, 2 Phila. 165; Rogers v. Williams, 8 Phila. 123.

The defendant will not be forced to accept a lot whose area is diminished by a street laid out on the city plan as running through the property, the existence of which street was not known to the parties when the contract was made.

The defect was an occult defect. Fisher v. Worrall, 5 Watts. & S. 478.

The result of an opposite contention would leave the defendant without remedy.

Until the street is actually opened,—(1) He cannot recover any damages, as there has been no taking of his property within the constitutional provision (*Re* Pittsburgh, 2 Watts & S. 320); (2) he cannot improve this portion of his lot, for the location of the street upon the city plan is notice; he would improve at his peril, and upon actual opening no damages whatever would be allowed for such improvements. Act of April 3, 1851, § 2 (P. L. 321). See § 27 (V) (P. L. 327); Act of April 21, 1852, § 8 (P. L. 368); Act of April 22, 1856, § 1 (P. L. 525); Act of April 11, 1866, § 1 (P. L. 592).

Such a lot is never forced upon a purchaser, for under these facts, if he executed or accepted the deed, he would have no remedy against his vendor.   Peck v. Jones, 70 Pa. 83; Wilson v. Cochran, 46 Pa. 230; Ake v. Mason, 101 Pa. 19.

And hence, when the contract is executory, a chancellor will not compel a purchaser to be placed in so unfortunate a position, for, under executory articles, the vendee is entitled to the unrestricted enjoyment of the whole lot.   Speakman v. Forepaugh, 44 Pa. 374; Seton v. Slade, 2 White & T. Lead. Cas. in Eq. 1066, 1143; Kelly's Estate, 2 W. N. C. 431.

A purchaser is never forced to buy a lawsuit, even when in the opinion of the court he would be successful in the issue. Speakman v. Forepaugh, 44 Pa. 363; Swayne v. Lyon, 67 Pa. 439; Dech's Appeal, 57 Pa. 473; Nicol v. Carr, 35 Pa. 383; Fry, Spec. Perf. § 580.

The reason of the decisions is that there was no intention to buy under this state of facts.   The minds of the parties never met upon these circumstances, and to enforce specific performance under such circumstances is first to make a contract for the parties and then enforce it.   Malins v. Freeman, 2 Keen, 25; Cortelyou's Appeal, 102 Pa. 576; Schug's Appeal, 14 W. N. C. 49; Ullom v. Carpenter, 81* Pa. 503; Bailey v. Wyoming Valley Ice Co. 7 Luzerne Legal Reg. 203; Williams v. Keast, 6 Luzerne Legal Reg. 247; Story, Eq. Jur. §§ 709, 749, 750*a*, 778; Adams, Eq. *85, *90; Bispham, Eq. § 376; Seton v. Slade, 2 White & T. Lead. Cas. in Eq. 1063–1069; Woollam v. Hearn, 2 White & T. Lead Cas. in Eq. 929 *et seq.;* Jones v. Clifford, L. R. 3 Ch. Div. 779; Fry, Spec. Perf. chap. 14; Kyle v. Kavanagh, 103 Mass. 356, 4 Am. Rep. 560.

Specific performance will never be decreed where there has been a misrepresentation, either by the parties or by the contract; whether made wilfully or innocently, intentionally or unintentionally, or whether made by direct statement or by implication by suppressing the facts.   Holmes's Appeal, 77 Pa. 50; Miles v. Stevens, 3 Pa. St. 35, 45 Am. Dec. 621; Fisher v. Worrall, 5 Watts & S. 478; Finley v. Aiken, 1 Grant Cas. 93; Linhart v. Foreman, 77 Va. 540; Joliffe v. Baker, L. R. 11 Q. B. Div. 255; Woollam v. Hearn, 2 White & T. Lead. Cas. in Eq. 1017, 1018; Fry, Spec. Perf. 432, 449 *et seq.*

PER CURIAM:

This contention arises on an executory agreement wherein the vendor covenanted to sell and convey in fee simple "by a good and marketable title with general warranty and clear of all liens and encumbrances." The master has found as a fact, in an opinion well fortified by authority, that the appellant is not able to convey by such a title. The court confirmed this finding.

It is well settled by the authorities that a vendee, without knowledge of any defect in title when the agreement was executed, is not compelled to accept a doubtful title, or one that will probably require a lawsuit to establish its validity.

We discover no error in this decree.

Decree affirmed and appeal dismissed, at the costs of the appellant.