## Coues, Appellant, v. Hallahan.

*Deeds—Building restriction—Marketable title—Vendor and vendee.*

A restriction in a deed in a line of title to a lot restraining the erection of buildings within five feet of the line of the abutting street will prevent the owner from making a good and marketable title to the lot under an agreement by which the lot was to be conveyed " free from all restrictions; " and this is the case although an ordinance of the city subsequent in date to the deed forbade the erection or re-erection of any building within five feet of the line of the street.

In such a case while the ground involved in the restriction could not be actually built upon by the owner, he would be entitled to such damages as might be awarded for taking the property into the bed of the street, and the amount of the claim to be presented before a jury appointed to assess damages might be materially affected by the character of his title to the property involved.

Argued March 29, 1904. Appeal, No. 65, Jan. T., 1904, by plaintiff, from order of C. P. No. 5, Phila. Co., Dec. T., 1903, No. 1852, discharging rule for judgment for want of a sufficient affidavit of defense in case of Mary E. B. Coues et al. v. John W. Hallahan. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Assumpsit for purchase money of property, 1814 Chestnut street, Philadelphia.

Rule for judgment for want of a sufficient affidavit of defense.

MARTIN, P. J., filed the following opinion:

Plaintiffs and defendant entered into a contract for the sale of premises, No. 1814 Chestnut street in the city of Philadelphia, containing in front on Chestnut street twenty-five feet and extending in depth 235 feet to Sansom street. The price agreed upon was $77,500, to be paid in cash upon the execution and delivery of a good and sufficient deed of conveyance. By the terms of the agreement the title to the premises was to be good and marketable and the premises were to be conveyed clear of incumbrance " and free from all restrictions."

A deed was duly executed by the proper parties and tendered to the defendant, who refused to accept the title or make settle-

ment for the property.   Suit was brought, alleging a breach of the contract of sale on the part of the defendant.   An affidavit of defense was filed alleging delay in the preparation of the title papers beyond the period stipulated in the contract, an outstanding mortgage upon the property, the existence of a building restriction, and the ordinance of the city of Philadelphia providing for the widening of Chestnut street, which affected the property.

Plaintiffs entered a rule for judgment for want of a sufficient affidavit of defense.

The feature of the defense which prevents the entry of judgment is the allegation set forth in detail in the supplemental affidavit of defense containing a copy of the deed which creates upon the property a restriction against the erection of buildings or parts of buildings within five feet of the south line of Chestnut street.

It was argued with great force that the ordinance of councils of the city of Philadelphia, dated March 31, 1884 (p. 54), providing for the widening of Chestnut street, would absorb into the bed of the street this portion of the property, so that, in the absence of a restriction, it would not be possible for the defendant to utilize it for building purposes, and that the restriction was therefore not one which impaired the title to the property sold, but partook of the nature of a prohibition against the erection of combustible buildings within the thickly populated portion of the city, where existing ordinances prohibited the erection of such structures.   In the present case, however, while the ground involved in the restriction could not be actually built upon by the owner, he would be entitled to such damages as might be awarded for taking the property into the bed of Chestnut street, and the amount of the claim to be presented before a jury appointed to assess damages, might be materially affected by the character of his title to the property involved.   The case is ruled by Batley v. Foerderer, 162 Pa. 460, 467.   " The absolute and unqualified use incident to the unrestricted ownership in fee is thus converted into 'one clogged with conditions and restrictions in its enjoyment.'   As was well said by THAYER, P. J., in Lesley v. Morris, 9 Phila. 110, 'a perpetual prohibition of this kind fastened upon property has a tendency not only to diminish the enjoyment of the estate,

but also to affect its marketable value to a considerable degree,—a degree very difficult to be measured by any pecuniary allowance made to the defendant, and which makes his equity incapable of accurate or reasonable adjustment in money.'"

Rule discharged.

*Error assigned* was the order of the court discharging the rule.

*Theodore W. Reath*, with him *Reath & Reath* and *Joseph I. Doran*, for appellant.

*George L. Crawford*, of *Crawford & Loughlin*, for appellee.

PER CURIAM, May 16, 1904:

There were two restrictions upon the property, either of which would bar a recovery by the plaintiffs. The restriction by ordinance did not absorb or supersede the restriction by the deed, for even if the ordinance should be repealed the covenant in the deed would still restrict the use of the five feet on the line of Chestnut street. The effect of the ordinance is well stated by the learned judge below, and on his opinion the order discharging the rule for judgment is affirmed.