## Graybill, Appellant, *v.* Ruhl.

*Vendor and vendee—Articles of sale—Clear of incumbrances—Borough ordinance to widen street.*

An agreement to sell real estate "clear of all incumbrances," is violated where at the time of the execution of the agreement, and also at the time stipulated for the settlement, there is an existing borough ordinance providing for the widening of a street on the town plan, on which street the real estate abutted; and it is immaterial in such a case that the ordinance at the time was invalid, and that it was subsequently set aside at the instance of the vendor.

Argued May 18, 1909. Appeal, No. 68, Jan. T., 1909, by plaintiff, from judgment of C. P. Lancaster Co., May T., 1908, No. 29, for defendant non obstante veredicto in case of Jacob G. Graybill v. Hiram F. Ruhl. Before Brown, Mestrezat. Potter, Elkin and Stewart, JJ. Affirmed.

Assumpsit to recover the purchase price of land. Before Landis, P. J.

At the trial the jury returned on the instruction of the court a verdict for plaintiff for $3,458.87. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was the judgment of the court.

*B. F. Davis,* for appellant.

*John E. Malone* and *A. E. Burkholder,* for appellee, were not heard.

PER CURIAM, June 22, 1909:

The written agreement of the appellant, executed December 10, 1907, was to convey to the appellee, on or before April 1, 1908, "in fee simple, clear of all encumbrances," a lot of ground situated in the borough of Lititz. By an ordinance of that borough, approved October 2, 1907, North Locust street on the town plan was widened by adding ten feet to its east side. This required the taking of a strip of land of that width and 200 feet long from the west side of the lot which was sold to the appellee, and, when a deed was tendered him on April 1, 1908, he refused to accept it because, in view of the ordinance, the property was not clear of all incumbrances. In this he was justified. The ordained street, though unopened, was an incumbrance upon the lot, relieving the appellee from his agreement to purchase: Evans v. Taylor, 177 Pa. 286. Though the ordinance may not have been a valid one, the appellee was not required to assume either the risk or the burden of having it set aside. When the deed was tendered to him and at the time this suit was brought it existed as an apparently valid borough enactment. That, subsequently, five months afterwards, it was set aside, at the instance of the appellant, in no manner affected the right of the appellee under the agreement, which was to get a clear title on April 1, 1908, and, before tendering such a title, the appellant had no cause of action. The assignments of error are wholly void of merit and the judgment is affirmed.