# Perkinpine *v.* Hogan, Appellant.

*Vendor and vendee—Incumbrances—Sewers.*

1. An easement is a liberty, privilege or advantage without profit which the owner of one parcel of land may have in the lands of another; or from an opposite point of view, it is a service which one estate owes to another.

2. Where land has incident to it a right to carry water from a sewer over other grounds, the easement is for the benefit and advantage of such land, and is not covered by an agreement to convey a title free and clear of all easements.

3. An incumbrance is a right to or interest in land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by a conveyance.

4. Where it appears that the owner of a house and lot will not be compelled to connect with a sewer in the street on which the premises front so long as a private sewer remains in existence, the cost that a proposed purchaser of the land would be put to if he elected, and only if he elected, to connect the premises with the sewer in the street, does

not constitute an incumbrance within the meaning of the words in articles of sale, if it appears that there is no existing ordinance requiring such connection to be made.

5. Where articles of sale provide that the title shall be "such as will be insurable at regular rates by title insurance companies," such provision will not justify the purchaser from refusing to take a deed for the land because a single title insurance company refused to insure the land.

Submitted Dec. 20, 1910.   Appeal, No. 257, Oct. T., 1910, by defendant, from order of C. P. No. 4, Phila. Co., June T., 1910, No. 1,347, making absolute rule for judgment for want of a sufficient affidavit of defense in case of David R. Perkinpine v. Michael J. and Lettia P. Hogan. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ.   Reversed.

Assumpsit to recover down payment on a contract for the sale of real estate.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Harry A. Mackey*, for appellants, cited: Gilham v. Real Est. Title Ins. & Trust Co., 203 Pa. 24.

*Morris Edgar Smith*, for appellee, cited: Saxton v. Mitchell, 78 Pa. 479.

Opinion by Rice, P. J., May 11, 1911:

This appeal is from judgment for want of sufficient affidavit of defense in an action of assumpsit brought to recover the down payment made by the plaintiff to the defendant upon a contract for the sale of real estate, consisting of eight lots and dwelling houses.   The contract stipulated that the settlement be made on or before a specified date, and that the title be free and clear of all incumbrances, easements, mechanics' and municipal liens and building restrictions, and be such as will be insurable

at regular rates by the title insurance companies. It further provided that in case of failure of title or area in any particular, in consequence of which the sale was not consummated, the deposit money should be returned. It was alleged in the statement of claim that it was found, upon investigation of the title, "that there existed an easement affecting each and all of said premises, which consisted of a sewer constructed under each of the said houses and a right to carry the said sewer over other ground not contained in this agreement," and that "upon submitting the facts to the Land Title & Trust Company the said company refused to insure the title free of said easement, and further refused to remove the question of the said easement from any settlement certificate which they would issue covering the eight houses."

1. It was suggested in the affidavit of defense that the allegation of the statement as to the easement did not state a fact but a conclusion of law. The averment that the land was subject to an easement did, it is true, involve a conclusion of law, but if it was coupled with an averment of facts out of which, in the absence of other facts, such conclusion would necessarily arise, it was incumbent on the defendants to deny the facts or to confess and avoid them. The defendants did not deny the facts categorically, but in further explanation of the nature, location and purpose of the sewer, they alleged that at the time of the building of the houses there was no city sewer running parallel with the street on which they fronted, that the owner constructed a private terra cotta sewer to connect the houses with a city sewer on another street, and that they were still so connected. Taking this allegation with that of the statement, the fair implication is that the other land over which there is a right to carry this private sewer lies between the land in question and the city sewer referred to. At any rate, there is no sufficient basis in the statement of claim, or in the affidavit of defense or in both taken together, for an implication that there is a right in anyone but the

owner to maintain a sewer across the land or any part of the land in question. It is said that "conveyance of any one house by the owner would be subject to the easement of the sewer passing under it from the next house above," and it is true that where a continuous and apparent servitude is imposed upon one portion of land for the benefit of another portion, by the owner thereof, who subsequently conveys the portions to different persons, the purchaser of the servient property takes it subject to the easement or servitude so imposed. But the case does not involve the application of that principle. At the time of the making of the contract and of the bringing of the suit, it was within the right of the owner to disconnect one or all the houses; the whole matter was within his control. An easement is said to be a liberty, privilege or advantage without profit which the owner of one parcel of land may have in the lands of another; or to state it from the opposite point of view it is a service which one estate owes to another—or a right or privilege in one man's estate for the advantage or convenience of the owner of another estate: 14 Cyc. of Law & Procedure, 1139. In order to constitute an easement there must be two estates, the one giving and the other receiving the advantage, denominated respectively the servient and the dominant estates. Viewing the allegations of the statement and affidavit of defense in the light of these elementary principles, it might be possible to conclude that the owner of the lots in question had an easement in the adjoining land, but that was for the benefit and advantage of his own land, and obviously was not covered by his agreement to convey a title free and clear of all incumbrances and easements.

2. It was further alleged in the statement that the lots were not connected with the city sewer laid in the street on which they front, "and that upon order of the city authorities at any time the plaintiff would be required to connect the said lots and premises with the city sewer, thereby placing upon the plaintiff an additional

expense and incumbrance, which was not contemplated in the agreement entered into between the parties." It is to be noticed that this part of the statement did not allege that any order of the city authorities had been made requiring the owner of the premises to connect with the city sewer referred to, and that no ordinance of the city was set forth or cited in the statement, imposing that duty upon him. Moreover, the defendants asserted in their affidavit, that they or the purchaser of the premises could not and would not be compelled to connect with the sewer in the street on which the premises front so long as the private terra cotta sewer heretofore referred to remains in existence. The ordinance, if there be an ordinance governing the matter, not being set forth or cited in the plaintiff's statement, this averment of the affidavit of defense must, for present purposes, be taken for verity. It is as certain as is the allegation of the statement upon the same subject. An incumbrance has been defined to be "every right to or interest in land which may subsist in third persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance." Rawle on Covenants for Title (5th ed.), sec. 75. This definition was taken (except as to the words "which may subsist in third persons") from the opinion of PARSONS, C. J., in Prescott v. Trueman, 4 Mass. 627, and was quoted with approbation by our Supreme Court in Batley v. Foerderer, 162 Pa. 460, and again in Lafferty v. Milligan, 165 Pa. 534, and Howell v. Northampton R. R. Co., 211 Pa. 284. In Memmert v. McKeen, 112 Pa. 315, it was said: "Incumbrances are of two kinds, viz. (1) such as affect the title; and (2) those which affect only the physical condition of the property. A mortgage or other lien is a fair illustration of the former; a public road or right of way, of the latter." The case of Gilham v. Real Estate Title Ins. & Trust Co., 203 Pa. 24, furnishes a pertinent illustration of the application of these principles. There the question was, whether the right of a city to demand payment for the cost of laying water pipe

in a rural district from anyone who may in future use the pipe when the country has changed its rural nature, is a tax, lien, claim or incumbrance, within the meaning of those words in an agreement for the sale of land. It was decided that it is not. In the course of his opinion which was adopted by the Supreme Court Judge McMICHAEL used this language, and it is pertinent in the determination of the question before us: "A little reflection will convince anyone considering the question that the necessity of the payment for the water pipe to the city of Philadelphia by anyone who may desire in the future to use the water flowing through the pipe, does not in any way affect the title to the property; nor is it in any legal sense a lien against the land; nor is it an incumbrance which affects the physical condition of the property. The pipe is laid upon a public road or street, and not upon the land, which was the subject of the agreement of sale, and which was afterwards conveyed by the vendor to the vendee." So it may be said here with equal if not greater force, that the cost that the owner will be put to, if he elects, and only if he elects, to connect the premises with the sewer does not constitute an incumbrance, within the meaning of the words of the agreement.

3. The remaining question to be considered arises out of the agreement that the title was to be "such as will be insurable at regular rates by the title insurance companies," and the averment of the statement of claim that the Land Title & Trust Company refused to insure the title. The agreement was not that every title insurance company, or that any particular title insurance company would insure the title, but that the title would be such as would be insurable by the title insurance companies. It is apparent that an allegation that a single company refused to insure is not tantamount to an allegation that the title was not considered insurable by title insurance companies in general. Therefore, in holding that the statement of claim does not allege in clear and unequivocal terms a breach of this part of the agreement, we are

not required to rest the decision upon the technical ground that the statement of claim does not allege that the Land Title & Trust Company was a title insurance company. If the statement had alleged that the title was not such as was insurable by the title insurance companies, or that the Land Title & Trust Company was selected by the parties, a different question would be presented.

The case may present an entirely different aspect upon full development of the facts at the trial, but upon deliberate consideration of the statement of claim and the affidavit of defense we conclude that it was not one for summary judgment.

The judgment is reversed and the record is remitted with a procedendo.