## Hay's Estate.

*Jurisdiction, O. C.—Partition—Building restrictions.*

Neither the Orphans' Court Act of June 7, 1917, P. L. 363, nor the Orphans' Court Partition Act of June 7, 1917, P. L. 337, confers jurisdiction on the court to impose a building restriction in partition proceedings, where the same is asked for by the executor of a will and by former purchasers from the decedent, if there is nothing in the will or chain of title creating such restriction.

Petitions to intervene and to have the court impose a building restriction. O. C. Northampton Co.

*E. J.* and *J. W. Fox,* for petitioner.

*T. McKeen Chidsey,* for petitioner in partition.

STEWART, P. J., April 23, 1923.—Partition proceedings were commenced to divide the real estate of Jacob Hay, situate at the corner of Fourteenth and Spring Garden Streets, in the City of Easton, by one of the grandsons who owned a sixteenth interest therein. In the present proceeding, the owners of three other sixteenths unite with him in opposing the petition of Thomas A. H. Hay, who was one of the executors of Jacob Hay, and also an owner of a one-fourth interest, to intervene. The petition to intervene sets forth that the testator, in his lifetime, desired that the property in suit should be used as a residential district for residences of the better class and more expensive than the ordinary home, and that he had sold a number of properties on the same street with building restrictions, requiring that no building should be built within sixty or seventy-five feet of the building-line of Fourteenth Street, and that decedent, in his lifetime, had declared to the petitioner and his co-executor that other properties on said Fourteenth Street should be sold with like restrictions, and that the executors made numerous conveyances containing this restriction, and that it would be a detriment to the estate if the property in suit were sold without this restriction, and that if it were not imposed grave injustice would be done to the petitioner and to the owners of other properties, who had improved their properties on Fourteenth Street in accordance with this building restriction. Another petition by various owners of land, who had purchased properties from the executors of the Hay estate with building restrictions in their deeds, was also presented, asking for the same relief. The petitioner in partition filed an answer, averring that there was nothing in the will of Jacob Hay which set forth any purpose or design to impose a building restriction; that the decedent himself had sold, in his lifetime, certain properties without any building restriction; that the executors had placed building restrictions in certain conveyances without the knowledge of the grantor of petitioner in partition, Ida W. Atwater, and that some properties had been sold by the executors without such restrictions. It is denied that the property owners suffer any damage if no building restriction is imposed, and averred that it would be an injustice to impose such a building restriction, and that the market value of the present property will be lessened if such a building restriction is imposed. In addition, the learned counsel have submitted to the court memoranda of various conveyances made by the decedent in his lifetime and by the executors since his death. If the court had jurisdiction, it might be necessary to take testimony because there are a number of matters in dispute, but we are satisfied, from an examination of the matter, that the court has no jurisdiction to grant the relief prayed for. There is nothing in the Orphans' Court Act of June 7, 1917, P. L. 363, which conveys any such specific power, but the learned counsel for the present petitioner argues that the Orphans' Court is a court of equity, and that under

section 9, sub-section *(n)*, which is as follows, "The exercise of all other powers needful to the doing of anything which is or may be hereafter required or permitted to be done in said court, whether incidental to the powers hereinbefore enumerated or in addition thereto," we have such power. That section is given in the report of the Commission Appointed to Codify and Revise the Law of Decedents' Estates, on page 403, and it is there said: "The first sentence of this clause is new, and is intended to remove any doubt as to the interpretation of this section when compared with the language of the other acts relating to the specific branches of the jurisdiction, and to obviate the necessity of amending this section in case of any future grant of new jurisdiction to the court." In other words, we still must look to the act itself for our power, and this clause is only put in to provide for the future. There is nothing in the Orphans' Court Act of 1917 nor in the Orphans' Court Partition Act of June 7, 1917, P. L. 337, which gives us the power to add anything to the will of the decedent. An examination of that document also discloses that it contains nothing which would make the law of the case for the present application. The object of partition is to secure a severance, so that each owner shall enjoy his part in severalty unencumbered by any restrictions except those which are found in the chain of title, whether by deed or by law. Of course, if there were any restriction in the chain of title, the petitioner in partition would be bound by it. The court could not add to it or take from it, but it would be present, and affect him and those who may purchase from him. It is significant that no authority has been cited to us which sustains this claim of power. We have examined some of the authorities. In Rawle's Appeal, 119 Pa. 100, the syllabus is: "That the alienee[s] of the interests of the minor children of a deceased daughter in the land devised by their mother were entitled to have partition thereof in the Orphans' Court, notwithstanding the directions to the executors of their father's will to make said division into parts." In Caldwell et al. *v.* Snyder et al., 178 Pa. 420, Mr. Chief Justice Sterrett said, on page 422, as follows: "The rule of the civil as of the common law, that no one should be compelled to hold property in common with another, grew out of a purpose to 'prevent strife and disagreement: Story's Eq., § 648; and additional reasons are found in the more modern policy of facilitating the transmission of titles and in the inconvenience of joint holding. The early remedy was limited in its scope, but has been developed until, as has been said, practically the right of 'partition exists without regard to its difficulties." In Carter's Estate, 225 Pa. 355, the syllabus is: "Where a fee simple estate is vested in a legatee 'upon his reaching the age of twenty-one years, such devisee, on reaching his majority, is entitled to partition, although the testator directed the trustee to divide the 'estate into several parts, and for the purpose of such division gave full power and authority to sell the real estate. The right to 'demand partition is not taken away by the fact that the will under which the person seeking partition claims the land directs the executor to make division of the estate." It would seem, therefore, that partition is favored in the law and should not be hampered. It has also been held that building restrictions are not favorites of the law. In Crofton *v.* St. Clement's Church, 208 Pa. 209, the syllabus is: "A restriction in a deed forbidding the erection of a dwelling-house on a portion of a lot is not favored by the law, being an interference with the owner's free and full use of his property, and all doubts must be resolved against it in favor of 'the unrestricted use of the property. Nothing will be regarded as a violation of it that is not in plain disregard of its express words. There are no implied rights arising from it which courts will recognize, and covenants like it 'are not to be

4 D. & C.

extended by implication." See, also, McCloskey v. Kirk, 243 Pa. 319, and Binswanger v. Hyman, 271 Pa. '296. In Coues v. Hallahan, 209 Pa. 224, it was held that a building restriction not referred to in a contract of sale prevented the owner from conveying a good 'and marketable title to the purchaser. On page 225, the following quotation from Thayer, P. J., in Lesley v. Morris, 9 Phila. 110, was approved: ' "A perpetual prohibition of this kind fastened upon property has a tendency not only to diminish the enjoyment of the estate, but also to affect its marketable value to a considerable degree—a degree very difficult to be measured by any pecuniary allowance made to the defendant, and which makes his equity 'incapable of accurate or reasonable adjustment in money."

And now, April 23, 1923, the petitions of Thomas A. H. Hay 'and C. K. Williams et al. to intervene are denied.

From Henry D. Maxwell, Easton, Pa.