## Ritter, Appellant, *v.* Hill et al.

*Vendor and vendee—Contract—Marketable title—Encumbrances —Exception of existing restrictions and easements—Street laid out on city plan—Action to recover hand-money—Specific performance —Equity.*

1. The plotting of a proposed street and the placing of it upon the city plan, constitutes an encumbrance, which relieves a vendee of the land proposed to be conveyed, of the necessity of accepting the property, under a contract by which the vendor agrees to convey by good and marketable title the property "clear of all liens and encumbrances, excepting existing restrictions and easements."

2. Existing restrictions do not include the encumbrance of an unopened street.

3. Although damages in such case may be awarded when the property is actually taken, yet no allowance can then be made for

buildings constructed within the lines of the street in the meantime, and to this extent it is an interference with the full enjoyment of the land proposed to be conveyed.

4. Although the purchaser may be entitled to damages if the street is opened, or subject, possibly, to the payment of benefits, yet the burden would be on him to conduct the necessary litigation in support of his rights.

5. A vendee is not to be compelled to take a doubtful title, and every title is doubtful which invites or exposes the party holding it to obligations.

6. In an action by a vendee to recover hand-money paid by a vendee under a contract to purchase real estate, where the vendor interposes a counterclaim for the balance due him under the contract, the proceeding is in effect a bill for specific performance, and is controlled by the same equitable principles.

7. In such case the rule must be applied that the vendee is not to be compelled to take a doubtful title.

Argued November 28, 1924. Appeal, No. 58, Jan. T., 1925, by plaintiff, from orders of C. P. No. 5, Phila. Co., Dec. T., 1923, No. 5232, discharging plaintiff's rule for judgment for want of a sufficient affidavit of defense and making absolute defendants' rule for judgment for want of a sufficient reply, in case of Sheldon P. Ritter v. Mary B. Hill et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit by vendee to recover hand-money paid on execution of agreement for purchase of real estate.

Rule for judgment for want of sufficient affidavit of defense. Rule for judgment for want of a sufficient reply to counterclaim for balance of consideration. Before MARTIN, P. J.

Rule discharged for judgment for want of sufficient affidavit of defense.

Rule absolute for judgment for want of sufficient affidavit of defense in reply to counterclaim.

Plaintiff appealed.

*Error assigned* was, inter alia, orders, quoting record.

*Owen J. Roberts,* with him *C. Russell Phillips* and *Robert T. McCracken,* for appellant.—The ordained but as yet unopened Penrose Avenue is an encumbrance justifying the plaintiff in rescinding the executory contract of purchase and demanding the return of his deposit money: Evans v. Taylor, 177 Pa. 286; Graybill v. Ruhl, 225 Pa. 417; Delaware Ice Co. v. Easton, 4 Pa. D. & C. 35.

Notice of the plotting of Penrose Avenue has no bearing on the construction of the contract in view of the express covenant against encumbrances: Strong v. Brinton, 63 Pa. Superior Ct. 267.

The ordained but as yet unopened Penrose Avenue is not a restriction: Memmert v. McKeen, 112 Pa. 315.

Whether or not the title offered is good and marketable is a question for the court to decide: Murray v. Ellis, 112 Pa. 485.

The present case is governed by principles of equity and not of law: Lesley v. Morris, 9 Phila. 110; Nicol v. Carr, 35 Pa. 381; Black v. American Int. Corp., 264 Pa. 260.

If the agreement is construed contrary to the plaintiff's contention, his position becomes one of such great hardship that equity will not enforce the agreement: Wistar's App., 80 Pa. 484; Lynch's App., 97 Pa. 349; Strezelecki v. Guizieska, 1 Pa. D. & C. 780; Friend v. Lamb, 152 Pa. 529.

*J. Joseph Stratton,* with him *A. Culver Boyd,* for appellees, cited: Shoub v. Dunbar, 256 Pa. 311.

OPINION BY MR. JUSTICE SADLER, January 5, 1925:

Plaintiff agreed to purchase from defendants twenty contiguous lots in Philadelphia, constituting one tract, for the sum of $7,500, the properties to be conveyed by "good and marketable" title, on or before a date fixed, "clear of all liens and encumbrances, excepting existing restrictions and easements, if any." Ten per cent of the

purchase price was paid when the contract was executed, which sum, it was stipulated, should be returned with any outlay made for title insurance, in case the vendors should fail to perform. It was later discovered by the buyer that an ordinance had been passed by the municipal authorities laying out, and adopting as part of the city plan, Penrose Avenue, one hundred and fifty feet in width, which bisected the tract diagonally, cutting nine of the twenty lots in question. Because of this, the vendee refused to accept the deed tendered, and brought suit for the amount advanced. The defendants disclaimed liability, contending that the existence of a plotted and unopened street did not constitute a defect of which the buyer could complain, under the terms of the agreement of sale, and, in turn, demanded the balance of the purchase money. Rules for judgment for want of a sufficient affidavit of defense were entered by both parties, by the plaintiff as to the reply to his statement of claim demanding return of the deposit, and by the defendants to the answer interposed to their counterclaim for the remainder of the consideration agreed upon and unpaid. The learned court below sustained the claim of the latter, and entered judgment accordingly. This appeal by the plaintiff followed.

The correctness of the conclusion reached rests on the proper construction of the language used in the contract. Was the title tendered to the buyer good and marketable, and did the unopened street constitute an encumbrance of a class within the exception of "existing restrictions and easements," as to which the vendors did not covenant? An encumbrance has been defined as "every right or interest in the land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance": Lafferty v. Milligan, 165 Pa. 534, 537. It may be such as affects the title, or only the physical condition of the property: Memmert v. McKeen, 112 Pa. 315. Illustrations of the first class are found in mortgages or

other liens of record, claims for taxes (Taylor v. Allen, 60 Pa. Superior Ct. 503), assessable benefits (Shoub v. Dunbar, 256 Pa. 311), outstanding articles of agreement to sell (Seitzinger v. Weaver, 1 Rawle 377), or the inchoate rights of dower: Withers v. Baird, 7 Watts 227; Lafferty v. Milligan, supra. As affecting the free enjoyment of the land, easements, such as the existence of a railroad right-of-way (Nauman v. Treen Box Company, 280 Pa. 97; Strong v. Brinton, 63 Pa. Superior Ct. 267), though merely an adopted location (Johnston v. Callery, 184 Pa. 146), or for private use (McDermott v. Reiter, 279 Pa. 545; Patterson v. Freihofer, 215 Pa. 47; Howell v. Northampton R. R. Co., 211 Pa. 284), unless apparent and notorious (Blauser v. Carson, 74 Pa. Superior Ct. 223), are encumbrances. The same is true as to restrictions on the use of the property (Batley v. Foerderer, 162 Pa. 460; Coues v. Hallahan, 209 Pa. 224; Lesley v. Morris, 9 Phila. 10; 15 C. J. 1277; 27 R. C. L. 568; Dieterlen v. Miller, 99 N. Y. Supp. 699), so long as the value of the land may be diminished, though the contrary is held where the existing claim works no injury: Perkinpine v. Hogan, 47 Pa. Superior Ct. 22; Gilham v. Real Estate Trust Co., 203 Pa. 24.

In the present case, the covenant is breached, if at all, by the city's declaration of intention to enter, at some future time, on the plotted and unopened avenue, and devote the land defined to highway purposes. This power to so proceed naturally tends to decrease the market value of the property which it is proposed to traverse. Though it is true damages may be awarded when the property is actually occupied (Phila. Parkway, 250 Pa. 257), yet no allowance can then be made for buildings constructed within its lines in the meantime, and, to this extent, is an interference with the full enjoyment of the lots proposed to be conveyed. It is no longer a question of doubt in Pennsylvania that the plotting of a proposed street, and the placing of it upon the city plan, constitutes an encumbrance, which relieves the

vendee of the necessity to accept the property contracted for: Evans v. Taylor, 177 Pa. 286; Atlantic Refining Co. v. Sylvester, 231 Pa. 491; Peoples Savings Bank v. Alexander, 2 Sadler 287. It is stated by counsel that a repealing ordinance, as to Penrose Avenue, has been introduced in city councils, but, even if this action were taken, it is too late to affect the rights of the parties to the litigation: Graybill v. Ruhl, 225 Pa. 417. Nor is it material whether or not the buyer had knowledge of the municipal action when the agreement of sale was executed, having expressly provided that the title be free of all encumbrances: McDermott v. Reiter, 279 Pa. 545; Nauman v. Treen Box Co., supra; Evans v. Taylor, supra. The contract was executory, and the buyer justified in refusing to accept, if he had not released his right by the words used in the agreement of sale. Even when the conveyance has been made, the vendee is entitled to redress, if an outstanding claim exists, where he takes without notice of the defect, and there is no presumption that he possesses information in regard to it: Hannan v. Carroll, 277 Pa. 32. In the present case, plaintiff, in his statement of claim, avers he was unaware of the action taken by the city, though, as noted, this fact is immaterial to the reaching of a determination here.

The learned court below was of opinion that the unopened street constituted an encumbrance, but that objection to the deed offered, on this ground, was not sustainable, in view of the contract which provided for a transfer free from any charge other than "existing restrictions and easements." It held that the vendee, by so agreeing, lost his right to complain, since the burden imposed by the ordinance, adopting the highway as an avenue, came within the exceptions provided for. As already noticed, an "encumbrance" is a broad term. It includes claims, whether apparent in the record title or not, which affect the market value, such as dower, tax claims, easements, rights-of-way, and restrictions on the use of the land. All such are included within the mean-

ing of the word, and, when they exist, constitute charges, which relieve a proposed vendee from accepting the conveyance tendered, except as he has contracted otherwise. It was only as to certain of the possible defects that the vendors protected themselves by their written agreement here.

"An easement is said to be a liberty, privilege or advantage, without profit, which the owner of one parcel of land may have in the lands of another; or, to state it from the opposite point of view, it is a service which one estate owes to another, or a right or privilege in one man's estate for the advantage or convenience of the owner of another estate": Perkinpine v. Hogan, supra, p. 25. The unexercised right of the city to open the street, when it saw fit, cannot be classed as such. The word "restriction" is the legal equivalent of condition, when used in connection with a grant of real estate, and signifies a limitation upon the full and unqualified enjoyment of the right or estate granted: Mayor, etc., of Worcester v. Worcester St. Ry. Co., 192 Mass. 106, 78 N. E. 222. It is recognized as meaning some covenant imposed by the grantor, or his predecessors in title, by which the use of the property is fixed in some definite way, as in the location of the buildings to be erected, their height or manner of structure, or the character of business to be conducted therein. The adoption of the new highway is, in one aspect, an interference with the free use of the land, but more extensive in that it permits the actual appropriation, when deemed necessary by the municipal authorities. We cannot agree with the court below that this defect, amounting to an encumbrance on title, was of the character contemplated, when it was stipulated to accept free from existing "restrictions and easements."

Clearly, it was the purpose of the parties that the "title should be good and marketable," for, irrespective of any legal conclusion, it is expressly so stated. This cannot be said to be true when the vendee would be

exposed to litigation in defense of the rights conveyed: Speakman v. Forepaugh, 44 Pa. 363; Swayne v. Lyon, 67 Pa. 436; McCloskey v. Timmons, 74 Pa. Superior Ct. 12. In the present case, the municipal action has tied the hands of the purchaser. He cannot, except at risk of loss, make use for building purposes of the portion of the land within the lines of the proposed street, and he has no means of knowing when it will be actually taken over and occupied. Though entitled to damages if there is an opening, or subjected possibly to the payment of benefits, yet the burden would be upon him to conduct the necessary litigation in support of his rights.

This is an action to recover the balance of the purchase price by the vendors, in so far as the counterclaim, on which judgment was entered, is concerned, and, in effect, is a bill for specific performance. It is controlled by the same equitable principles, and the rule must be applied that the vendee is not to be compelled to take a doubtful title, and "every title is doubtful which invites or exposes the party holding it to litigation": Black v. American I. Corp., 264 Pa. 260; Hoover v. Pontz, 271 Pa. 285. Even if the exception of "restrictions" might be construed to include the encumbrance of the unopened street, this is not decisive of the right to compel specific performance, or what is in effect the same, to recover judgment for the balance of the purchase price. It cannot be said the purpose to waive the defect complained of is so clear as to justify the conclusion that such was the intention of the parties, and make necessary a decree enforcing the claim, as insisted on by the defendants: Gotthelf v. Stranahan, 138 N. Y. 345, 34 N. E. 286; Sohns v. Beavis, 200 N. Y. 268, 93 N. E. 935. Under the circumstances here appearing, the plaintiff was justified in refusing to accept the conveyance, and the judgment entered for the defendants for the balance of the purchase money must be reversed. It follows from what has been said that there was a right to a recovery of the deposit made, and the outlay for the title insurance,—the agree-

ment of the parties so providing, in case of failure to furnish a good and marketable title.

The judgment is reversed, at the cost of the appellees, and it is directed that judgment be entered in favor of the plaintiff for the amount set forth in the statement of claim.