## Cohen *v.* Turner, Appellant.

*Real estate—Agreement to convey clear of encumbrance—Covenant—By former owner to erect wall—Construction.*

In an action of assumpsit to recover down money paid upon an agreement of sale of real estate, the agreement provided that the premises were to be conveyed "clear of all liens and encumbrances, excepting existing restrictions and easements." A former owner covenanted for himself and his assigns to erect and maintain a wall at his expense along one side of the lot before any other buildings were erected thereon.

Under such circumstances judgment was properly entered for the plaintiff. The agreement to erect the wall constituted a covenant run-

ning with the land and was an encumbrance thereon not included in the description of existing restrictions or easements.

Argued October 29, 1926. Appeal No. 285, October T., 1926, by defendant from judgment of C. P. No. 5, Philadelphia County, March T., 1926, No. 1244, in the case of A. Cohen, also known as Asher Cohen v. P. P. Turner, also known as Dr. Philip P. Turner. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover down money paid under an agreement for purchase of real estate. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The court made absolute the rule. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*B. B. Hoar,* of *Taylor, Robey, Hoar and Nicholson,* for appellant.—The covenant in this case creates a restriction within the ordinary accepted meaning of that term, and was comprehended in the exception contained in the agreement: Ritter v. Hill, 282 Pa. 115; Ogontz Land Company v. Johnson, 168 Pa. 178; Willock v. Arensberg, 51 Pa. Superior Ct. 73; Binswanger v. Hyman, 271 Pa. 296; Francis v. Dean, 80 Pa. Superior Ct. 108; Murphy v. Ahberg, 252 Pa. 267; Brock v. Atlantic Refining Company, 273 Pa. 76.

*Lester Bowman,* for appellee.—The vendee is not to be compelled to take a doubtful title and every title is doubtful which invites or exposes the party holding

it to obligations: Lafferty v. Milligan, 165 Pa. 534; Evans v. Taylor, 177 Pa. 286.

OPINION BY TREXLER, J., March 3, 1927:

This suit is brought to recover down money paid upon an agreement of sale. The agreement provided "premises to be conveyed clear of all liens and encumbrances, excepting existing restrictions and easements, if any. Title is to be good and marketable, and such as will be insured at regular rates by any responsible title insurance company." A former owner of the land had purchased it from St. Luke's Church, Germantown, and in his deed there is contained the following "the said Henry B. Jamison, grantee as aforesaid, for himself, his heirs and assigns, doth hereby expressly covenant, promise and agree to and with the said St. Luke's Church of Germantown, grantor as aforesaid, its successors and assigns, that he, the said Henry B. Jamison, his heirs and assigns, shall and will cause to be erected, a brick stone wall to be placed on the southerly line of the above-described piece of ground, which said wall shall not be a party wall but shall be erected solely on the above-described piece of ground, shall be without openings and shall extend ...... from the westerly side of Twenty-first Street to the full distance of One Hundred and four feet three-eighth inches and which said wall shall be built and maintained at the expense of the said Henry B. Jamison, grantee as aforesaid, and shall be built before any other building or structure shall be built on the above-described lot. Nothing in this clause to be construed as prohibiting the use of this wall as a curtain or side-wall of a building."

The purchaser refused to take title because of the alleged encumbrance created by the above covenant contained in said deed and brought suit to recover the money paid on the agreement. The vendor claims that

the above quoted part of the deed to his predecessor
in title falls under the exception in the agreement re-
ferring to "of existing restrictions and easements,
if any." The question came before the lower court
upon the pleadings which presented the claim and the
defense thereto as above indicated. The lower court
construed the above provision as a covenant running
with the land and an encumbrance and entered judg-
ment in favor of the plaintiff.

It was the evident intention of the parties to convey
the title clear of encumbrances. The provision above
quoted denying the right of the owner of the property
to erect a building is in the nature of a restriction,
but not such as is usual, which provides for the setting
back of the building to a certain line, but it is a de-
privation of the use of the property for building pur-
poses until a wall is erected, which necessarily would
require an expenditure of money. This is a charge
upon the land and the maintenance of the wall is of
the same nature, for before he can use his property
for the only profitable purpose for which it is adapted,
the vendee must make certain expenditures, and is
thereafter bound to maintain the wall. To arrive at
a reasonable conclusion, we dare not broaden the mean-
ing of the word "restriction," else, we would have the
anomaly of the first clause providing against encum-
brances and the second clause allowing them. If the
provision is essentially an encumbrance, the contract
to convey a good title is broken.

In the recent case of Ritter v. Hill, 282 Pa. 115, re-
ferred to by the lower court, it was held that the plot-
ting of the proposed street across a property (by a
city) constitutes an encumbrance which relieves the
vendee of the land proposed to be conveyed from the
necessity of accepting the property under contract of
which the vendor agrees, in the same language used in
the present case, to convey by good and marketable

title the property clear of all liens and encumbrances, excepting existing restrictions and easements. What constitutes an encumbrance and the nature of restrictions and easements is discussed at some length in that case and we cannot add anything profitable to what is there said. We quote the following (after enumerating the various kinds of encumbrances) the writer of the opinion says: "The same is true as to restrictions on the use of the property (Batley v. Foerderer, 162 Pa. 460; Coues v. Hallahan, 209 Pa. 224; Lesley v. Morris, 9 Phila. 110; 15 C. J. 1277; 27 R. C. L. 568; Dieterlen v. Miller, 99 N. Y. Supp. 639), so long as the value of the land may be diminished, though the contrary is held where the existing claim works no injury: Perkinpine v. Hogan, 47 Pa. Superior Ct. 22; Gilham v. Real Estate Trust Co., 203 Pa. 24." In the present case, the agreement constitutes what may be called a condition subsequent annexed to the enjoyment of the full use of the land, it must be construed as a covenant running with the land and bears as a charge upon the estate and affects the value thereof, and therefore, is an encumbrance thereon. We conclude with the following from the opinion of the learned judge of the lower court: "Plaintiff is entitled to a conveyance clear of encumbrances, other than those agreed upon, and this covenant is an encumbrance not included in the description of existing restrictions or easements. To compel plaintiff to pay the purchase money would be equivalent to a decree for specific performance. In the absence of evidence indicating an intention on the part of plaintiff to bind himself to accept the title with the burden of constructing the wall, to compel him to specifically perform the agreement to purchase the property would be inequitable."

The judgment is affirmed.