ROBERT SOFFES, for himself and as Attorney for JULIAN SOFFES, SARAH SOFFES, ALLAN LESTER GRIBETZ, and LEONA FIELDS, Appellee

v.

MAIDMORE REALTY CORPORATION, Appellant

No. 72-2038

United States Court of Appeals

Third Circuit

Argued October 10, 1973

Filed November 30, 1973

JOHN P. BURKE, JR., ESQ. (BRYANT, COSTELLO & BURKE), Christiansted, St. Croix, V.I., *for appellant*

J. MICHAEL SPENCER, ESQ., Frederiksted, St. Croix, V.I., *for appellees*

Before STALEY, VAN DUSEN and ADAMS, *circuit Judges*

OPINION OF THE COURT

STALEY, *Circuit Judge*

This is an appeal from a judgment of the district court which granted the appellee a decree of specific performance and damages. The facts of this case are as follows. On January 2, 1971, the appellant, Maidmore Realty Co. and Robert Soffes signed a purchase agreement for the sale of two plots of land on the Island of St. Croix, United States Virgin Islands. One plot, the smaller of the two non-contiguous parcels, fronted on a beach. An alleged government interest in acquiring the smaller parcel gave rise to this controversy. The vendee, Maidmore Realty Co., after paying a $10,000 deposit, refused to perform on the ground that the vendor had failed to disclose his knowledge of a strong interest on the part of the Virgin Islands government in acquiring the beach front lot.

The court found that the appellee, Robert Soffes, who represented the vendors, "did not know of any government plans or intentions to acquire the land in question at the time the contract of sale was executed." There were, however, some plans in existence that were prepared for the

Virgin Islands government regarding the acquisition of the beach front lot before the agreement of sale was executed. In fact, the Virgin Islands Planning Board had approved a development plan for the area including this parcel. We have examined the record and conclude that the findings are not clearly erroneous as appellant maintains. Rule 52(a), R.F.Civ. P.; see Bloch v. Bloch, 473 F.2d 1067 (C.A. 3, 1973).

On appeal the appellant argues that the existence of the plans disentitles the appellee to the equitable relief of specific performance. Its argument is based principally on two cases. In one, a New York court refused to enforce specifically a contract for the sale of land where, unknown to the parties, the municipal authority had authorized the taking of portions of the land in question in order to widen the streets. Golden v. Aldell Realty Corp., 70 N.Y.S.2d 341 (1947). In the other, the laying out of streets by a municipal authority constituted a cloud on the title such as to preclude the granting of specific performance. Ritter v. Hill, 282 Pa. 115, 127 Atl. 455 (1924). We believe that these decisions are distinguishable from the instant case. Both in Ritter and Golden the appropriate legislative authority had adopted ordinances permanently laying out and adopting as a part of the city plan the street which cut across the property. Here, there was no legislative action. The function of the Planning Board of the Virgin Islands is purely advisory. See 29 V.I.C. § 237 (1973). We do not believe that the existence of the Planning Board advisory opinion should preclude the equitable relief sought by the appellant.

Lastly, we note that the court's inclusion of monetary damages was proper.

The judgment of the district court will be affirmed.