## Land Title Bank & Trust Company v. Kerr et al.

*White & Staples,* for petitioner in interpleader.
*Knox Henderson,* for plaintiff in interpleader.
*Norman J. Griffin,* for defendant in interpleader.

MacNeille, P. J., June 27, 1944.—The Land Title Bank & Trust Company petitioned Common Pleas Court No. 2 praying for an order (which it secured) permitting it to pay into court $750 less certain deductions. The court made such order and required that defendants, Edward A. Kerr and William C. Schoettle, should thereafter interplead, which they have done.

The matter was assigned to Common Pleas Court No. 3 for trial by a judge without a jury and was heard on June 6, 1944. Counsel informed the court that only a question of law is involved, and they agreed upon a statement of facts which is based upon the pleadings.

In the interpleader proceeding Edward A. Kerr, vendee, appears as plaintiff, and William C. Schoettle, vendor, appears as defendant.

On May 16, 1941, plaintiff, Edward A. Kerr, entered into an agreement to buy from defendant, William C. Schoettle, certain land in Philadelphia for $15,000, at that time expressing his intention to build houses thereon. Part of the premises fronted on Richmond Street. With relation to that street, the agreement set forth:

"It is understood and agreed that all street improvements that are in Richmond Street and Erie Avenue are paid for and are included in this sale. There are no street improvements in Allen Street, and seller shall not be liable for any installed subsequent to the date of this agreement, or for any work done or ordered to be done after the date hereof by any city department upon or about the said premises."

Plaintiff, Edward A. Kerr, applied for title insurance at the Land Title Bank & Trust Company and made settlement thereon June 12, 1941. The company's settlement certificates contained the following item, furnished by way of information only and not as an objection to title:

"Water pipe laid in Richmond Street. Frontage charges payable to the receiver of taxes at $1.00 per foot upon application for permit to connect with same."

At the settlement Kerr and Schoettle could not agree as to which should become responsible for the payment for the water pipe but it was agreed that the Land Title Bank & Trust Company should hold $1,000 pending settlement of any dispute, which they cared to settle by agreement or otherwise. It then being ascertained that the disputed sum would not exceed $750, $250 was paid to defendant Schoettle.

After settlement, plaintiff, Kerr, paid the sum of $735.57 covering the water pipe charge, in order to proceed with his building plan.

We are not deciding whether or not water pipe should be included under the expression "street improvements", because the parties to this suit do not raise that question.

The Act of March 30, 1866, P. L. 354, 53 PS §7077, authorizes the city to fix charges and rates for the construction of sewers, for paving, and for the laying of water pipes. At the time this act was passed, there was in operation in Philadelphia Councils' Ordinance of January 29, 1855 (Ordinances of 1855, p. 40), which was amended by Ordinance of Council of May 10, 1855, which amendment was later repealed by Ordinance of Council of June 2, 1866 (Ordinances of 1866, p. 190). The ordinance imposed a charge for water pipe of $1 for each front foot, and there were further provisions that the departments concerned should send bills to the City Solicitor of Philadelphia for collection. The city thereafter had a right to file a municipal lien but, in

addition to that remedy, the ordinance provided that no permit be issued to connect with the water pipe until the receipted assessment bill is produced or proof of payment offered, or payment be made on application for permit to connect with water pipe.

It seems clear that the charge for water pipe was due at all times after it was laid, and that the provision in the ordinance for payment before connection with the water pipe in no wise changed the due date of payment, but was in the nature of a catch-all so that the city might be assured that at least before use of the pipe was made the charge should be paid. Therefore, at the time grantor conveyed to the grantee there was due to the municipality payment for the water pipe. However, such a charge is not a personal charge, and since no lien was filed it did not constitute an encumbrance, lien, or claim against the property and, although the charge made is in the words of the ordinance "for the expense in laying pipe on the premises for which the permit is requested", it is still not a lien or a claim or an encumbrance. Plaintiff who purchased the ground was not obliged by law to make connection with this water pipe. It was entirely a voluntary matter on his part, and if it were not for the agreement of the parties the situation would be governed by Perkinpine v. Hogan 47 Pa. Superior Ct. 22, wherein (p. 27) Judge Rice, who wrote the opinion in the Perkinpine case, cited Gilham v. Real Estate Title Insurance & Trust Company of Philadelphia, 203 Pa. 24, a case which had been appealed from Common Pleas Court No. 3, wherein the late Judge McMichael wrote the opinion in the lower court and which opinion was adopted by the Supreme Court. Judge Rice quoted from the opinion of Judge McMichael the following: "A little reflection will convince anyone considering the question that the necessity of the payment for the water pipe to the city of Philadelphia by anyone who may desire in the future to use the water flowing through the pipe, does not in any way af-

fect the title to the property; nor is it in any legal sense a lien against the land; nor is it an incumbrance which affects the physical condition of the property. The pipe is laid upon a public road or street, and not upon the land, which was the subject of the agreement of sale, and which was afterwards conveyed by the vendor to the vendee."

Judge Rice added: "So it may be said here with equal if not greater force, that the cost that the owner will be put to, if he elects, and only if he elects, to connect the premises with the sewer does not constitute an incumbrance within the meaning of the words of the agreement."

We also note that in Gilham v. Real Estate Title Insurance & Trust Company of Philadelphia, supra, the situation was similar to that of the instant case. Judge McMichael determined that the right of the city to demand payment for the cost of laying water pipe in a rural district from anyone who may in the future use the pipe when the country has changed its rural nature is not a tax lien, claim, or encumbrance within the meaning of these words in an agreement for the sale of land.

However, the difference between the instant case and those referred to in the decisions is that the parties in their agreement of sale set forth that it was understood and agreed that water pipe was in the street and paid for—both parties acting on the assumption that the charge for the water pipe had been paid when it had not been paid.

When we read the paragraph which sets forth the understanding about the water pipe or street improvements, it is clear that the vendor represented that the water pipe was in Richmond Street and Erie Avenue and paid for. In the paragraph it is stated that there are no street improvements in Allen Street, and the seller shall not be liable for any installed subsequent to the date of the agreement or for any work done or ordered to be done after the date of the agreement by any

city department. The distinction thus drawn between Allen Street and Richmond Street shows what the parties had in mind, and since Richmond Street pipe was in and not paid for it becomes the duty of the vendor to pay under the terms of his agreement.

Wherefore, it is our opinion that defendant, William C. Schoettle, is responsible for the payment of the water charge, and that plaintiff is entitled to the fund deposited with the court.

Counsel are directed to prepare a memorandum showing the amount due, plus interest, in order that the court may enter a finding for plaintiff.