## Shaffer *versus* Greer.

1. The words " grant, bargain and sell," in a conveyance of land in fee-simple, constitute, under the Act of May 28th 1715, sect. 6, a covenant only against acts done or suffered by the grantor.   Lessee of Gratz *v.* Ewalt, 2 Binn. 95, followed.

2. The word " suffered," however, necessarily implies that the covenant is not confined to the voluntary acts of the grantor, and it extends to and includes a tax for a municipal improvement assessed on the land during his title.

3. By the terms of the act authorizing a municipal improvement the assessments were declared to be liens from the date of the commencement of the improvement.   In covenant by a grantee to recover from his grantor the amount of an assessment paid by the grantee on this improvement commenced before the execution of the deed : *Held*, that the assessment was a charge on the land suffered by the grantor, for which he was bound to indemnify his grantee.   *Held, further*, that the assessments being liens from the beginning of the improvement, no difference could be made between the work done before and that done after the execution of the deed.

4. At the trial defendant offered to show that prior to the execution of the deed, plaintiff was several times on the premises and knew of the improve-

[Shaffer v. Greer.]

ment going on, and was told by the defendant that the cost thereof would be a lien upon the property, which plaintiff would have to pay, to which plaintiff made no reply. *Held*, that this evidence was not sufficient to overcome the effect of the covenant as prescribed by the Act of 1715, and was properly rejected by the court.

October 10th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1878, No. 137.

Covenant by Wesley Greer against John S. Shaffer, to recover for an alleged breach of the implied covenant arising from the words, " grant, bargain and sell," in a deed.

On the 26th of November 1873, defendant, by deed of general warranty, did "grant, bargain and sell" to plaintiff a certain piece of ground situate on Devilliers street, Pittsburgh.

Prior to said date, the councils of Pittsburgh enacted an ordinance for the grading, paving, &c., of said Devilliers street, and the contract for said improvement was made 23d July 1872, and work commenced thereon 18th November 1872, and completed 23d September 1874. An assessment of over six dollars per foot front was made upon the property conveyed by defendant to plaintiff, of which due notice to plaintiff was given by the city, and by him notice to pay the same given to defendant, to which he failed to respond, and plaintiff was compelled to pay the same to the city.

The 6th section of the Act of January 6th 1864, Pamph. L. 1133, relating to Pittsburgh, is as follows : " That the said councils are hereby authorized whenever they may deem the same necessary, to cause to be graded, regraded, paved, repaved or macadamized, any public street, lane or alley, or any parts thereof, which is now or which may hereafter be laid out and opened in said city, * * * and to have the same set with curbstone ; and the said councils are hereby authorized to levy and collect the cost and expense of the same from the owners of the property bounding or abutting on the portions of said streets, lanes or alleys thus improved by an assessment of an equal sum per foot front of said properties." The city engineer is to make the assessment, deliver to the city treasurer, and the latter is to give notice to the lot-owners that unless paid within thirty days it will be filed as a lien against the property, and if not paid within the thirty days the treasurer hands the claim to the city solicitor who files the same.

The 9th section of the Act, Pamph. Law 1135, provides :

" The assessment authorized by this act shall be liens upon the property assessed from the commencement of the improvements, for which they were made, and shall, if filed within six months after the completion of said improvements, continue liens for five years."

At the trial the defendant offered to show that prior to November 26th 1873, Greer, the plaintiff, was several times on the premises ; that at the times when he was there in reference to the pur-

[Shaffer *v.* Greer.]

chase of said property, the grading was going on, and the witness (defendant) called Greer's attention to the fact that the improvement was in progress along the street, and defendant told plaintiff the cost of the same would be a lien upon the property, which plaintiff would have to pay, to which plaintiff made no reply.  That prior to November 26th 1873, and at that time, the plaintiff knew of this improvement of Devilliers street by grading, paving and curbing being in progress.

The court, Sterrett, P. J., sustained the objection to this evidence as incompetent and irrelevant.

Among the points presented by the plaintiff were the following, to which are appended the answers of the court:

2. The covenant implied from the words, "grant, bargain and sell" is, that the grantor (defendant) had done no act nor created any encumbrance, whereby the estate granted by him might be defeated.  The lien created by the grading, curbing and paving of Devilliers street, as shown by the evidence in this case, is not an encumbrance covered by said implied covenant.

Ans.  "This point is refused *pro forma*, and the question of law raised therein reserved for consideration by the court *in banc.*"

4. Under the evidence in this case the defendant would not be liable on the covenant implied from the words "grant, bargain and sell" for more than the expense of the work up to and including the date of delivery of the deed, to wit, November 28th 1878.

Ans.  "Refused."

Verdict for the plaintiff for $1854, subject to the opinion of the court on the question reserved: "whether the words, 'grant, bargain and sell' in the said deed, create such a covenant as enables the plaintiff to recover the money thus paid to the city by him." After argument before the court in banc, Stowe, P. J. (Sterrett, P. J., having meantime been appointed a justice of the Supreme Court), delivered the following opinion:

The lien arising from the improvement of Devilliers street dates back to the commencement of the work, under the provisions of section 19, Act January 6th 1864, Pamph. L. 1131; and was therefore an encumbrance upon the land at the time of the sale, although uncertain as to its amount, and we think must be treated as an act done or suffered by the grantor.

"Upon the idea of representation it may very well be said that it was an act done by the grantor, and indeed it does not seem to me to be straining language too far to hold that 'suffered' in the sense allowed or permitted is sufficiently broad to cover the case.

"Being of opinion that the words 'grant, bargain and sell' imply a covenant against the encumbrance existing in this case at the time of the sale and conveyance, it is now ordered that judgment be entered for plaintiff upon the verdict of the jury upon the question of law reserved on payment of verdict fee."

[Shaffer v. Greer.]

The defendant took this writ, and among other errors assigned the rejection of the above testimony, the answers to the above points and the entry of judgment for plaintiff.

*D. T. Watson*, for plaintiff in error.—The question is whether a municipal lien is an act of the owner within the meaning of the definition adopted in the construction of the implied statutory covenant arising from the use of the words " grant, bargain and sell." The sixth section of the Act of May 28th 1715, Purd. Dig. 472, pl. 75, is as follows:

" And be it further enacted, that all deeds to be recorded in pursuance of this act, whereby any estate of inheritance in fee-simple shall hereafter be limited to the grantee and his heirs, the words grant, bargain, sell, shall be adjudged an express covenant to the grantee, his heirs and assigns, to wit: That the grantor was seised of an indefeasible estate in fee-simple, freed from encumbrances done or suffered from the grantor (excepting the rents and services due to the lord of the fee), as also for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in such deed, and that the grantee, his heirs, executors, administrators and assigns, may, in any action, assign breaches, as if such covenants were expressly inserted. Provided, always, that this act shall not extend to leases at rack-rent, or to leases not exceeding one-and-twenty years, where the actual possession goes with the lease."

We say it is not such a lien as a municipal lien which is an adverse right given by the law against the will of the citizen, and is clearly no act of the grantor. Moreover, the assessment which constitutes the lien was made ten months after the delivery of the deed from Shaffer to Greer.

It has been determined in the construction of the Act of 1715 that these words, " grant, bargain and sell" are a covenant that the grantor had done no act nor created any encumbrance by which the estate granted might be defeated; that it was simply a covenant against the vendor and his acts: Lessees of Gratz *v.* Ewalt, 2 Binn. 95; Whitehill *v.* Gotwalt, 3 P. & W. 323; Dorsey *v.* Jackman, 1 S. & R. 50; Funk *v.* Voneida, 11 Id. 111; Knepper *v.* Kurtz, 8 P. F. Smith 484.

This being so, no recovery should be allowed in this case. By no act of Shaffer was the lien incurred. He did nothing to defeat the title he had granted. He in no way petitioned for or was privy to the action of the city in grading, paving and curbing Devilliers street. He was not even the owner of the property when the assessment which is complained of was made. How, then, could the assessment be said to be his act for which he was liable under this implied covenant? But it is said the councils of the City of Pittsburgh represent the property owners, and therefore when they

passed the ordinance to grade, &c., it was the act of the property owners, and the judgment below is sought to be justified on that ground. But this court had already settled that question against the views of the court below in Wilson *v.* City of Allegheny, 29 P. F. Smith 278. This court there said: "A municipal lien is an adverse right given by the law against the will of the citizen." If so, the assessment, the basis of the municipal lien, cannot certainly be said to be the act of the citizen or lot-owner. If not, then this assessment was no act of the lot-owner within the meaning of the above decisions. See also Seely *v.* City of Pittsburgh, 1 Norris 360; Hammett *v.* Philadelphia, 15 P. F. Smith 155.

But again, the implied covenant arising from the statute is a covenant of *seisin*, and perhaps may be called for some purposes a covenant against encumbrances. It is one of those covenants that is broken as soon as made: Funk *v.* Voneida, *supra;* Rawle on Covenants 288; Cathcart *v.* Bowman, 5 Barr 319; Wilson *v.* Cochrane, 10 Wright 232.

*D. F. Patterson*, for defendant in error.—Funk *v.* Voneida, 11 S. & R. 109; Whitehill *v.* Gotwalt, 3 P. & W. 313; Seitzinger *v.* Weaver, 1 Rawle 377; Knepper *v.* Kurtz, 8 P. F. Smith 480, clearly limit the operation of the covenant upon which this suit is based to acts done or suffered by the grantor himself, or those claiming under him, of such a character that the estate granted might thereby be defeated. Is the lien created by the improvement of the street while Shaffer owned the property within the protection of the covenant? The lien was undoubtedly of a character such as to defeat the estate granted. Was the creation of the lien an act done or suffered from the grantor? The point has never been directly adjudicated; but, upon principle, the lien seems to be clearly within the covenant: O'Connor *v.* Pittsburgh, 6 Harris 187. The right to repave has been fully recognised in this state by the Supreme Court: Seely *v.* Pittsburgh, *supra.* No encumbrance can be placed upon any man's property, otherwise than by his own act, or the act of those who legally represent him in that behalf. All municipal burdens, within the scope of the constitution, are imposed with the consent of the citizen, or, rather under authority conferred by the citizen; and a lien created by virtue of authority so conferred, constitutes an encumbrance upon real estate "done or suffered from" the owner; and if it is such an encumbrance as may defeat the estate conveyed by him who suffers it, it is within the covenant upon which this suit is founded. The whole system of governmental burdens rests upon the same principle of consent: Blossom *v.* Van Court, 34 Mo. 390; Caldwell *v.* Moore, 1 Jones 58; Pittsburgh *v.* Cluley, 16 P. F. Smith 449; Philadelphia *v.* Brooke, 31 Id. 23.

[Shaffer *v.* Greer.]

Mr. Justice SHARSWOOD delivered the opinion of the court, November 11th 1878.

The early and leading case of Lessee of Gratz *v.* Ewalt, 2 Binn. 95, settled that the words "grant, bargain and sell" in a conveyance of land in fee-simple, is, under the Act of May 28th 1715, sect. 6, 1 Sm. Laws 95, a covenant only against acts done or suffered from the grantor. The word "suffered" necessarily implies that it is not confined to the voluntary acts of the grantor, and it has never been doubted that he is liable on a judgment obtained against him by adverse proceedings. It is apparent that the same principle extends to and includes a tax assessed on the land during his title. Nor ought it to make any difference that such tax does not create personal liability. A tax on unseated lands would be such an encumbrance. And how does the case on this record differ from that? It is unecessary to resort, in vindication of the rule, to the doctrine that the municipal authorities, at the time the encumbrance was created, virtually represented the grantor, and he must be held to have given his assent. It is enough that he suffered a charge on the land—during his title—for which, as between him and his grantee, he was bound to indemnify him. Caldwell *v.* Moore, 1 Jones 58, is a case very much in point. It follows, too, we think, that no difference can be made between the work done before and after the deed. The lien was certain at the time of the conveyance—it related by the provisions of the statute to the commencement of the improvement: Blossom *v.* Van Court, 34 Missouri 390.

There was no error, we think, in rejecting the offer of evidence complained of in the first assignment. It was not an offer to prove that at the time the deed was executed, it was part of the consideration that the grantee should be liable to pay the assessment. By the provision of the Act of 1715, the effect of the covenant implied by the words, "grant, bargain and sell," can only be limited "by express words contained in the deed." At most, the offer was to show knowledge or notice of the encumbrance, and an expression of the opinion of the grantor that the grantee would have to pay it. The grantee was not bound to deny this, even supposing that he knew the law. The evidence offered was, therefore, irrelevant, and was rightly rejected.      Judgment affirmed.