# Gilham v. Real Estate Title, Insurance & Trust Company of Philadelphia, Appellant.

*Vendor and vendee—Deed—Incumbrances—Payment for use of water pipe.*

The right of a city to demand payment for the cost of laying water pipe in a rural district from any one who may in future use the pipe when the country has changed its rural nature, is not a tax lien, claim or incumbrance, within the meaning of these words in an agreement for the sale of land.

Argued March 25, 1902.   Appeal, No. 11, Jan. T., 1902, by defendant, from order of C. P. No. 3, Phila. Co., March T., 1901, No. 1098, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Josiah K. Gilham, William Gilham, Isaac Newton Gilham and Ellen Yerkes v. Real Estate Title Insurance & Trust Company of Philadelphia.   Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Assumpsit for balance of purchase money of real estate.

Rule for judgment for want of a sufficient affidavit of defense.

McMichael, J., filed the following opinion:

This case was argued upon rule for judgment for want of a sufficient affidavit of defense.   On July 28, 1899, Josiah K. Gilham and others, the plaintiffs, agreed in writing to sell a farm of forty acres, situated on both sides of the Kensington and Oxford turnpike, to John H. Longstreet; plaintiffs to give a deed to purchaser free and clear of all defects or incumbrances, possession with deed.   On July 10, 1900, a written agreement was executed between Josiah K. Gilham and others, the plaintiffs, and the Real Estate Title Insurance & Trust Company, the defendant in the present action, and John H. Longstreet, the vendee.   By this writing it was agreed as follows: "And the parties of the first part" (Josiah K. Gilham and others, the vendors) "shall forthwith pay or cause to be paid all taxes (apportioned to date of settlement), mortgages, judgments,

liens, claims and incumbrances of every kind and description whatsoever, and in the event of the failure of the party of the first part to pay and have satisfied of record all such taxes, mortgages, judgments, liens, claims and incumbrances of every kind and description whatsoever as set forth above, and then and in such case the party of the second part " (Real Estate Title Insurance and Trust Company of Philadelphia) " shall and will forthwith, out of the funds in their hands belonging to the said parties of the first part, which shall have been paid on account of the said purchase money, and out of the amount or amounts paid to the party of the second part on account of said purchase money mortgage of $51,137, pay all such taxes, mortgages, judgments, liens, claims and incumbrances of every kind and description whatsoever, and have the same satisfied of record, so that the property shall be free and clear of all defects or incumbrances, in accordance with the said agreement of sale, except," etc.

After the date of the agreement of sale, viz : July 28, 1899, and before the delivery of the executed deed of July 10, 1900, the city of Philadelphia laid a water pipe main along the turnpike in front of the premises. No lien was filed or claim made by the city for this water pipe, but the vendee, Longstreet, notified the defendant, the Real Estate Title Insurance & Trust Company, in October, 1900, not to pay the balance in their hands, amounting to $1,926.06, to the plaintiffs, the vendors. The balance in the hands of the defendant, to recover which this suit was brought, was retained by it in order, as was argued on its behalf, to comply with its covenant to pay the cost of laying the water pipe before the property purchased, on the ground that such a claim is within the covenant made by the defendant to pay all the taxes, mortgages, judgments, liens, claims and incumbrances of every kind and description whatsoever.

It is not denied by the affidavit of defense, and was admitted during the argument, that the property is rural property, and that the city of Philadelphia could not recover for the cost of laying the water pipe by the foot-front method of assessment, but it was asserted and argued on behalf of the defendant, that as the city of Philadelphia will have the right in the future, to demand payment for the cost of the pipe from any future owner or tenant who may desire to use the water which will flow

through the pipe, the vendee has the right to have deducted from the purchase money the cost of such future payment as covered by the covenant in the agreement of July 10, 1900, above recited.

The question for our determination is, whether this right of the city to refuse to make a connection with its water pipe until the cost thereof is paid is such a tax, mortgage, judgment, lien, claim or incumbrance as justifies and requires the defendant, in order that it may comply with its contract as set forth in "Exhibit B" of the plaintiff's statement, to pay the claim for the said water pipe. For if it is not such a tax, mortgage, judgment, lien, claim or incumbrance, the plaintiffs are entitled to judgment.

It is quite clear that the right of the city in future to ask payment for its pipe is not a tax. The foot-front rule of assessment for rural properties has been held to be unconstitutional by the Supreme Court of Pennsylvania by a long line of cases, from Seely v. City of Pittsburg, 82 Pa. 360, down to McKeesport v. Soles, 165 Pa. 628. Nor can it possibly be contended that it is a mortgage, a judgment or a lien. It was, however, contended that it is embraced in the words "claims and incumbrances of every kind and description whatsoever." As was said by the court in the case of Memmert v. McKeen, 112 Pa. 315: "Incumbrances are of two kinds, viz: 1. Such as effect the title ; and 2. Those which affect only the physical condition of the property. A mortgage or other lien is a fair illustration of the former; a public road or a right of way of the latter." A little reflection will convince anyone considering the question that the necessity of the payment for the water pipe to the city of Philadelphia, by anyone who may desire in the future to use the water flowing through the pipe, does not in any way affect the title to the property ; nor is it in any legal sense a lien against the land ; nor is it an incumbrance which affects the physical condition of the property. The pipe is laid upon a public road or street, and not upon the land, which was the subject of the agreement of sale, and which was afterwards conveyed by the vendor to the vendee. It does not resemble the illustrations given in Memmert v. McKeen, supra, of a public road or a right of way. Nor does it resemble a viaduct on the land (see Friend v. Oil Well Supply Co., 179 Pa. 290), or steps

upon the sidewalk (see Memmert v. McKeen, supra). It is, therefore, we think, not an incumbrance. Nor does the word " claim," though a word sometimes of very general import, help the defendant here. The city of Philadelphia does not claim anything for this pipe, nor does anyone else claim anything, and we are persuaded by the language of the agreement of July 10, itself that the claims and incumbrances contemplated by that agreement were such claims and incumbrances as would appear of record, for the language is, " The parties of the first part shall forthwith pay or cause to be paid all taxes, . . . . and in the event of failure of the party of the first part to pay and have satisfied of record all such taxes, mortgages, judgments, liens, claims and incumbrances of every kind and description whatsoever, then, and in such case, the party of the second part shall and will . . . . pay all such taxes, mortgages, liens, claims and incumbrances of every kind and description whatsoever, and have the same satisfied of record, so that the property shall be free and clear of all defects or incumbrances, in accordance with the said agreement of sale."

Our attention has been called to a number of cases which have arisen under the covenants implied by the words " grant, bargain and sell," in a fee simple deed, as defined by the act of May 28, 1715 ; among others, to the case of Shaffer v. Greer, 87 Pa. 370. But that case, and the cases therein recited, settled and determined that the words " grant, bargain and sell " in a conveyance of land in fee simple is, under the act of May 28, 1715, sec. 16, a covenant only against acts done or suffered from the grantor. But it is to be noted that this case is no authority for the position taken by the defendant here. The laying of the water pipe is in no sense an act done by the grantor.

Our attention has also been called to the case of Wood's Estate, 15 W. N. C. 96, the decision being that of the orphans' court, the opinion by ASHMAN, J. In that case it was held that, under the covenant implied by the words " grant, bargain and sell," the estate of a vendor of real estate is liable for an unpaid gas bill, which the vendee has been obliged to pay in order to obtain the use of gas in the premises. The decision, like that in the case of Shaffer v. Greer, 87 Pa. 370, was that the effect of the words " grant, bargain and sell " has been defined by the act of May 28, 1715, to be that the grantor was

seized of an indefeasible estate in fee simple, free from incumbrances done or suffered from him, and for quiet enjoyment. An examination of the facts in that case shows that the incumbrances were through the act of the owner, and differs from the present case.   It would resemble it more closely if the vendor of the property had allowed bills for water rent to remain unpaid.   In that case, it might be argued with some force that this was similar to the case decided by the orphans' court.

It has been contended, also, that when this water pipe was laid, the vendee was the equitable owner and bound to see to its payment.   We are inclined to this view, but prefer to rest our decision upon the reasons above given.   The right of the city to demand payment for the cost of laying its water pipe from anyone who may in the future use the pipe, when the country has changed its rural nature and become ripe for improvement, was not within the contemplation of the parties, as evidenced by their agreement of July 10, 1900.

The rule is made absolute and judgment entered for the plaintiffs.

*Error assigned* was the order of the court.

*Dimner Beeber*, with him *J. Levering Jones*, for appellant.

*William H. Peace*, for appellee, was not heard.

PER CURIAM, May 19, 1902:
The judgment in this case is affirmed on the opinion of Judge McMICHAEL.