Boardman-Smith Corp., Appellant, *v.* Sherman.

Argued March 17, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*George F. Shinehouse, Jr.*, with him *James W. Brown, Jr., Zink, Shinehouse & Holmes* and *Walter D. Stewart*, for appellant.

*Daniel Marcu*, for appellees.

OPINION BY GUNTHER, J., July 13, 1954:

The plaintiff, a building corporation, purchased a tract of land in Philadelphia from the defendants. Several months after the conveyance, the plaintiff applied to the municipal authorities for permission to connect to a water pipe which had been laid in an abutting street many years before. The City required a payment of $2 per front foot, or a total of $867.37, for the permit, by virtue of an ordinance. Plaintiff sued to recover the cost of the permit, an answer was filed, and plaintiff's motion for judgment on the pleadings was refused by the court below.

Liability is dependent upon the interpretation of the agreement of sale between the parties. The agreement provided, *inter alia,* "Premises to be conveyed free and clear of all liens and encumbrances, excepting existing restrictions and easements, if any and subject to provisions of any Zoning Ordinances, or other ordinances, regulations or laws affecting the use of, and improvements to, the premises conveyed." It further provided that the purchaser was to pay for all work or improvement done or ordered by the city after the date of the agreement which might become a lien. And lastly it stated: "The sellers hereby agree that all street improvements now in have or will be paid for by sellers, and purchasers will be entitled to benefit thereof without any additional expense." The water pipes in the street were laid in 1915 and purchased by the City of Philadelphia in 1926. An ordinance of 1909 authorized the charge per front foot for a connection. The conveyance occurred in 1950. The court below held that the agreement was ambiguous, should be clarified by oral testimony and refused judgment on the pleadings.

The ordinance requiring payment before connection with the water pipe was not a charge on the land, nor a lien or encumbrance. The charge arose only when the owner requested a permit. In the absence of an agreement between the parties, the purchaser would be required to bear the burden. *Perkinpine v. Hogan,* 47 Pa. Superior Ct. 22; *Gilham v. Real Estate Title Ins. and Trust Co.,* 203 Pa. 24, 52 A. 85; *Land Title Bank and Trust Co. v. Kerr,* 51 D. & C. 372. A somewhat similar case was that of *Land Title Bank and Trust Co. v. Kerr,* supra, in which the agreement of sale provided: " 'It is understood and agreed that all street improvements that are in Richmond Street and Erie Avenue are paid for and included in this sale.

There are no street improvements in Allen Street, . . .' " The court in that case held that the quoted clause was intended to cover the water pipe in Richmond Street which had never been paid for, there having been no previous request to connect, and that the vendor had represented thereby that the water pipe had, in fact, been paid for. That case is different from the instant case, because there the agreement referred to specific streets and must have been intended to cover water pipes, especially in view of the statement of absence of improvements in Allen Street, which was a fact. The agreement in the instant case, on the other hand, is more similar to the type of provisions often found in agreements of sale, which are intended to protect the vendee against improvements which have been made, and for which a lien could be but has not yet been filed at the time by the municipality. In this case there could have been no lien filed. There is also to be considered another portion of the agreement of sale, quoted above, which provided that the vendee should take "subject to provisions of . . . ordinances, regulations or laws affecting the use of, and improvements to, the premises conveyed." This clause might be construed as covering the permit charge, which was imposed by an ordinance in respect to the use of improvements.

In light of the admitted facts there is therefore an ambiguity as to the meaning of the two clauses in respect to the water pipe charge. The intent of the parties to the contract is essential in interpretation and where such a latent ambiguity is developed, oral testimony is admissible to ascertain that intent. *Bartlett v. Beverly School Land Co.*, 170 Pa. Superior Ct. 307, 85 A. 2d 873. Summary judgment on the pleadings was properly refused by the court below.

Order affirmed.