Byrne et ux. *v.* Kanig, Appellant.

Argued September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David J. Reedy, Jr.,* with him *S. S. Friedman,* for appellant.

*Joseph L. Mullaney,* for appellees.

OPINION BY HOFFMAN, J., December 11, 1974:

The sole issue in this appeal is whether the equitable owner or the legal owner of a property is responsible for the payment of a municipal sewer lien, where the contract of sale is silent as to this question.

This case was submitted to the court below on an agreed statement of facts.[1] On May 3, 1966, seller-appellant and buyer-appellees entered into an agreement of sale for a property improved with a cinder block structure at 1438 East Drinker Street, Dunmore Borough, Lackawanna County. The agreement provided for an installment-purchase arrangement, by which buyers were allowed a period of ten years in which to pay the $27,000 balance due on the purchase price. The contract provides that buyers are to pay taxes on

---

[1] This procedure is implicitly authorized by Pa. R.C.P. 1003, which provides that "[r]ules relating to the manner of commencing an action or the time for serving process or for filing or serving pleadings may be waived by agreement of the parties." See Goodrich-Amram, Standard Pennsylvania Practice, Procedural Rules Service, §§1003-1, 1506-2.

the property (except a portion of the transfer taxes), keep the premises insured, and maintain the premises in repair. Upon payment of the full purchase price, seller agrees to convey to buyers "a good and sufficient Deed for the proper conveying and assuring of a good and marketable title in and to the said premises in fee simple, free from all encumbrances and dower or right of dower, conveyance to contain the usual covenant of Special Warranty."

The construction of a sanitary sewer abutting the premises was authorized by a resolution of the Scranton Sewer Authority on March 18, 1968. The engineer's certificate of completion was certified September 16, 1970. The property was assessed $2,970.00. When payment was not received, the Authority entered a lien against the property on March 10, 1971. Buyers have tendered the full purchase price, and seller has tendered a special warranty deed to the premises, but buyers have refused to accept it, claiming that the sewer lien is an encumbrance which seller is obligated to remove.

Suit was brought by buyers against seller in the Court of Common Pleas of Lackawanna County for the amount of the lien. The court below entered judgment for buyers. This appeal followed.

The determination of liability for municipal improvement claims as between buyer and seller is governed by the Act of May 16, 1923, P. L. 207, §9, as amended, 53 P.S. §7143, which provides that "[i]n case the real estate benefited by the improvement is *sold* before the municipal claim is filed, the date of completion in said certificate shall determine the liability for the payment of the claim as between buyer and seller, unless otherwise agreed upon or as above set forth." (Emphasis supplied.)[2] We must therefore determine

---

[2] As the issue is not before us, we do not decide whether the municipality in such a case may proceed against the buyer, the seller, or both, but only the rights of the buyer and seller *inter se*.

whether the property involved in this action was "solid" within the meaning of the act when the agreement of sale was entered into in 1966, or whether it will not be "sold" until it is formally conveyed by seller's deed.[3]

It is well established in Pennsylvania that when an unconditional agreement for the sale of land is signed, the purchaser becomes the equitable or beneficial owner through the doctrine of equitable conversion. The vendor retains a mere security interest for the payment of the unpaid purchase price. *DiDonato v. Reliance Standard Life Insurance Co.*, 433 Pa. 221, 249 A. 2d 327 (1969); *Payne v. Clark*, 409 Pa. 557, 187 A. 2d 769 (1963). The equitable owner bears the risk of loss for injury occurring to the property after execution of the agreement of sale before the settlement. *DiDonato v. Reliance Standard Life Insurance Co.*, supra; *Rappaport v. Savitz*, 208 Pa. Superior Ct. 175, 220 A. 2d 401 (1966).

"Whenever an unconditional agreement has been made for the sale of land, such as equity will specifically enforce, *it may properly be referred to and treated as sold;* then the vendee becomes the equitable owner and the vendor holds the legal title as trustee: [citations omitted]" *Bauer v. Hill*, 267 Pa. 559, 562, 11 A. 346 (1920) (emphasis supplied). " 'So much is the vendee considered, in contemplation of equity, as actually sei[s]ed of the estate, that he must bear any loss which may happen to the estate between the agreement and the conveyance, and he will be entitled to any benefit which may accrue to it in the interval, because by the contract *he is owner* of the premises to every intent and purpose in equity.' " *Spratt v. Greenfield*, 279 Pa.

---

[3] This question was explicitly reserved in *Barlett v. Beverly School Land Co.*, 170 Pa. Superior Ct. 307, 85 A. 2d 873 (1952). A subsequent lower court opinion has held that "sale" refers to the transfer of equitable ownership. *Mergenthaler v. Clingan*, 83 York Legal Record 99 (1969).

437, 439, 124 A. 126 (1924), quoting *Richter v. Selin,* 8 S. & R. 425, 440 (1822) (emphasis supplied).

The sales agreement in this case contemplated a period of up to ten years between agreement and settlement. Because of the doctrine of equitable conversion, appellees would for all intents and purposes be owners of the property, and the seller would retain a mere security interest. Therefore, we hold that the property was "sold" within the meaning of the statute on May 3, 1966, when buyers became equitable owners of the property.

Thus, as between seller and buyers, the duty to pay for the municipal improvement begun and completed subsequent to the agreement of sale falls upon buyers. Nor may buyers unilaterally impose this obligation upon seller by failing to pay the improvement charge when assessed and allowing a lien to be entered against the property.

Seller has contracted to convey to buyers a deed "free from all encumbrances", that is, free from encumbrances at the time of settlement. *Barlett v. Beverly School Land Co.,* 170 Pa. Superior Ct. 307, 85 A. 2d 873 (1952). Nevertheless, buyers cannot complain of an encumbrance caused by their own failure to pay a debt for which they are responsible.[4] "Encumbrances created, induced, or suffered by the purchaser under a contract of sale may not be urged by him as an ob-

---

[4] Under the terms of the Act of May 16, 1923, supra, the parties are free to agree to a different allocation of the costs of municipal improvements. We do not believe that the standard "free from encumbrances" clause contained in this contract evidenced such an agreement. Indeed, the parties have stipulated that "[t]he Agreement of Sale . . . contains no provisions for payment of municipal claims or improvements subsequent to May 3, 1966." Nor did this court rest its interpretation of the sales agreement in *Barlett v. Beverly School Land Co.,* supra, on such a clause, but on evidence extrinsic to the written agreement.

jection to the title, nor do they constitute a breach of warranty in the vendor's deed given in pursuance of the contract of sale," C.J.S. Vendor & Purchaser §201. This rule is but one instance of the general principle that a party to a contract may not complain of a breach which has been caused by his own default. *Miles v. Metzger,* 316 Pa. 211, 173 A. 285 (1934); *Commonwealth v. Berger,* 11 Pa. Commonwealth Ct. 332, 312 A. 2d 100 (1973).

We therefore hold that the cost of the municipal improvement must be borne by the buyers, the equitable and beneficial owners of the property.

Reversed and remanded for further proceedings consistent with this opinion.

---

DISSENTING OPINION BY PRICE, J.:

The majority opinion states the sole issue to be whether the equitable owner or the legal owner of a property is responsible for the payment of a municipal sewer lien, where the contract of sale is silent as to this question. To my view such a statement assumes an incorrect conclusion, i.e., the contract of sale is silent as to this question, and, therefore, leads the majority to an erroneous result.

The installment-purchase agreement provided for a consideration of $30,000, with a down payment of $3,000, and payment of the balance of $27,000 in monthly installments within ten (10) years from June 1, 1966, with interest at six percentum per year. The appellant-vendor agreed, upon payment of the principal sum and interest, to deliver to the appellees-vendees a good and sufficient deed for the premises conveying a good and marketable title, free from all encumbrances and containing a covenant of special warranty. The specific language used to describe this promise to convey is "a good and sufficient Deed for the proper conveying and as-

suring of a good and marketable title in and to the said premises in fee simple, free from all encumbrances and dower or right of dower, conveyance to contain the usual convenant of Special Warranty."

In my view this agreement contains express provisions that control the outcome of the case and the appellant-vendor must pay the lien of $2,970.

Where the parties, as here, have expressly set the terms of their agreement regarding marketability of title and a conveyance free from all encumbrances, the doctrine of equitable conversion is not applicable and was properly rejected by the lower court.

For exactly the same reason, the Act of May 16, 1923, P. L. 207, §9, as amended 53 P.S. §7143, is not applicable.

It is true that the parties have stipulated in paragraph 8 of their case stated that: "8. The Agreement of Sale, attached hereto and marked Exhibit 'A' contains no provisions for payment of municipal claims or improvements subsequent to May 3, 1966." Obviously, the Agreement did not specifically mention this matter, but such a stipulation cannot be construed to bar the appellee-vendees from the correct interpretation of the Agreement. The parties do not so argue, the lower court did not so hold, and I disagree with its use as a point in the majority opinion. Indeed, the appellant's brief concedes this point in its statement, "The agreement was silent as to the obligation for payment of benefits accruing from municipal improvements and was not recorded by either party."

I further agree with the lower court that this case should be controlled by this Court's decision in *Barlett v. Beverly School Land Company*, 170 Pa. Superior Ct. 307, 85 A. 2d 873 (1952), which is directly contrary to the majority holding. The fact that such case involved the use of evidence extrinsic to the written agreement to determine the intent of the parties does not change

its basic holding that: "The vendor in an agreement of sale embracing a covenant to convey free of encumbrances is obliged to deliver a deed for land that is free of liens for taxes or municipal improvements at the time when the deed is delivered."

*Barlett v. Beverly School Land Company, supra,* also specifically rejects the application of the Act of May 16, 1923, *supra,* since the parties are free to otherwise agree.

I would affirm the judgment of the lower court.

WATKINS, P. J., joins in this dissenting opinion.