## East End Car Wash v. Raines

*Matthew J. Creme, Jr.,* for petitioner.
*Harry R. Harmon,* for respondent.

ECKMAN, *J.,* April 19, 1983—Presently before the court is a petition to open confessed judgment filed by petitioner, William J. Raines.

On February 26, 1982, respondents, Wilbur L. Gibble and Benjamin W. Cope, Partners t/d/b/a East End Car Wash, filed a complaint in confession of

judgment. On that same day, judgment was entered against petitioner and in favor of respondents in the amount of $5,000. On April 2, 1982, petitioner filed the instant petition, to which respondents filed an answer and new matter on April 27, 1982. On May 19, 1982, petitioner filed a reply to new matter, a claim for counsel fees and a counterclaim. Respondents filed preliminary objections to the claim for counsel fees and to the counterclaim. The preliminary objections were subsequently withdrawn by stipulation of the parties on June 15, 1982. On June 25, 1982, respondent filed an answer to claim for counsel fees and new matter. Briefs having been submitted and a hearing having been held before the court on February 15, 1983, the petition to open confessed judgment is ready for disposition.

At the hearing before this court, respondents agreed to reduce the current judgment by $1,000 to the amount of $4,000.

This opinion is being written without the benefit of the notes of testimony being transcribed.

It is well settled that "[t]o open a confessed judgment, a party must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission of the issues to a jury." Bell Federal Savings and Loan Association of Bellevue v. Laura Lanes, Inc., 291 Pa. Super. 395, 398, 435 A. 2d 1285 (1981).

A review of the record discloses that on or about April 30, 1980, petitioner and respondents entered into an agreement for the Installment Sale of Real Estate (hereinafter "Agreement") (C.P. #5), whereby petitioner agreed to purchase real property known as the East End Car Wash located at 150 Doe Run Road, Manheim, Pa. The purchase price was the sum of $85,000, including a down payment

of $1,000 and monthly installment payments of $1,135. In addition, petitioner was required to pay the sum of $4,000 on or before September 1, 1980.

In October of 1980, petitioner informed respondent Cope that he was unable to fulfill his obligations under the agreement. Petitioner thereafter procured a purchaser for the property. The agreement between petitioner and respondents was terminated by a single paragraph written document executed by the parties on or around March 31, 1981 (C.P. No. 4). At that time, petitioner had made all monthly installments required under the agreement. Several of the payments, however, had not been made in accordance with the agreement which mandates that they be made on the first day of every month. Furthermore, defendant failed to make the payment of $4,000 which was due on or before September 1, 1980. It is that default in payment which is the subject of the confessed judgment presently in dispute.[1]

The defense asserted by petitioner is that the confessed judgment entered in favor of respondents should be offset by the amount of $4,260.20 which represents the sum paid by petitioner on the principal due under the agreement. In support of his position that this constitutes a meritorious defense, petitioner relies on 8A Thompson, Com-

---

1. Paragraph 16 of the agreement contains a clause whereby Petitioner agreed not to file a motion to strike off or open any confessed judgment entered against him by respondents. Despite that provision, petitioner contends that the instant petition is properly before the court. This is not disputed by respondents. We also agree that Paragraph 16 of the agreement is not a bar to the present petition, since such a waiver of right to open judgments by confession applies merely to matters of procedure. Dozor v. Crown Construction Company, 384 Pa. 49, 55, 119 A. 2d 246 (1956).

mentaries on Real Property, §4477 (hereafter "Thompson"). Thompson sets forth the principle that where there is a mutual rescission of an executory contract for the sale of real estate, the purchaser may recover payments he has made, even if he was in default at the time of the rescission. Petitioner contends that he has presented sufficient evidence of this defense to require submission to the jury of whether there was a mutual rescission of the agreement. We disagree.

Initially, we note that even if petitioner could establish that there was a mutual rescission of the agreement, there is no Pennsylvania authority which would permit a defaulting purchaser to recover his down payment and installment payments from the seller. In urging this court to adopt such a principle, petitioner relies on Byrne v. Kanig, 231 Pa. Super. 531, 332 A. 2d 472 (1974), and Watt v. Cope, et al., no. 273, March term, 1981 (Lancaster County, 1982). In Byrne v. Kanig, supra, the Pennsylvania Superior Court applied the doctrine of equitable conversion to an installment sales agreement, and held that the purchasers, as the equitable and beneficial owners of the property, were responsible for the payment of a municipal sewer lien on the property. Relying on the guidance of the Byrne decision, the court in Watt v. Cope, et al., supra, employed the doctrine of equitable conversion to hold that an installment sales agreement is a sale for purposes of a real estate broker's commission.

Petitioner asserts that the next logical extension of Byrne is judicial recognition in Pennsylvania of Thompson's principle that mutual rescission of an installment sales agreement entitles the defaulting purchaser to a return of his down payment and installment payments. We fail to see how the Byrne

and Watt decisions lay the foundation for adoption of this principle and we are, therefore, not persuaded by petitioner's argument. More importantly, we believe that Paragraph 15 of the agreement executed by the parties controls the instant situation.

Paragraph 15 provides in relevant part, as follows:

If BUYER shall fail to make when due any payment required of BUYER under this agreement, or shall in any other respect commit a breach of this agreement, SELLER may in SELLER'S discretion, notify BUYER that this agreement is terminated . . . SELLER may in such event nevertheless retain all payments theretofore made by BUYER . . . which total sum of payments it is hereby agreed shall constitute the liquidated damages for breach of this agreement.

Thus, when petitioner defaulted under the agreement, respondents exercised their option thereunder to terminate the agreement and retain all payments which had already been received. Even if this termination is viewed as a mutual rescission, it occurred only after petitioner had defaulted and had advised respondents of his inability to fulfill his obligations under the agreement. To now hold that respondents may not retain the payments would penalize them for exercising their contractual right of terminating the agreement upon petitioner's default. Moreover, such a holding would be contrary to the law of Pennsylvania. See Kaufman Hotel & Restaurant Co. v. Thomas, 411 Pa. 87, 190 A. 2d 434 (1963). Our courts have consistently upheld a seller's right, under forfeiture provisions similar to Paragraph 15 of the instant agreement, to terminate or rescind the contract and

retain payments already made by the purchaser. See Church v. Duffy, 15 D. & C. 3d 778 (1980); Dunphy v. Gehring, 71 D. & C. 2d 705 (1975); Knable v. Bradley, 60 Lanc. L. Rev. 433 (1967).

Petitioner next contends that he is entitled to reasonable counsel fees as part of the taxable costs of these proceedings pursuant to Section 2503(9) of the Judicial Code[2] which provides in pertinent part:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

• • •

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

We believe that petitioner's claim for counsel fees is without merit. The agreement between the parties clearly provides for payment by petitioner of the sum of $4,000 on or before September 1, 1980 which was admittedly not paid by petitioner. By confessing judgment against petitioner, respondents were merely exercising their rights under Paragraph 14 of the agreement. We believe that petitioner failed to establish that respondents' conduct in confessing judgment against petitioner was either arbitrary, vexatious or in bad faith.

Accordingly, we enter the following

## ORDER

And now, April 19, 1983, the petition to open confessed judgment filed by petitioner, William J. Raines, is hereby dismissed.

---

2. Judicial Code, Act of July 9, 1976, P.L. 586, §2; 42 Pa.C.S.A. §2503(9).