# Knight v. Knight

*W. Gustave McGeorge,* for plaintiff.
*Dennis V. Williams,* for defendant.

LEVIN, *J.*, April 6, 1988 — This matter comes before the court on plaintiff's motion for summary judgment.

The essential facts are as follows. Plaintiff and defendant were married. During the course of their marriage they acquired title to a piece of property located at 7547 Buffalo Road, Erie County, Pa. Following the termination of the marriage between plaintiff and defendant, plaintiff conveyed the property located at 7547 Buffalo Road, Erie County, Pa. to defendant. In exchange for the above conveyance defendant entered into a signed mortgage recorded at Erie County Mortgage Book 0001, page 0851. Sometime after defendant acquired title to the subject property she executed "Articles of Agreement for Sale of Real Estate" with Mark and Patricia Miller. Plaintiff alleges he had no prior notice of this arrangement between defendant and Mark and Patricia Miller.

In support of his motion for summary judgment plaintiff argues that the mortgage between he and defendant contained a clause which would make the entire amount of the mortgage due and payable

in the event the defendant sells the subject property. The exact language of the mortgage clause is as follows:

"Payment of $15,000 due and payable on or before March 1, 1992, or due and payable sooner upon the occurrence of one of the following events whichever shall first occur presuming that the same occurs prior to March 1, 1992: the sale of the real estate, the remarriage of Mary P. Knight, the death of Mary P. Knight."

Alternatively, defendant asserts that the arrangement between she and Mark and Patricia Miller is not a sale and therefore does not activate the "due on sale" provision found in the mortgage between plaintiff and defendant.

There is no dispute between the parties regarding the existence of the mortgage agreement between plaintiff and defendant or its terms and conditions. The parties also agree that the arrangement between defendant and Mark and Patricia Miller is a signed installment land contract. Plaintiff had no knowledge of the installment land contract between defendant and Mark and Patricia Miller until after it was executed. For all practical purposes, this allegation is admitted in defendant's answer to the complaint and the defendant's reply to the motion for summary judgment.

In view of this, the court is faced with a question of law. That is, whether an installment land contract constitutes a sale of property which would activate a due on sale clause.

Where an agreement for the sale of land is signed the vendee/buyer of the land becomes the beneficial or equitable owner of the land as the result of the doctrine of equitable conversion. The vendor/seller retains a security interest for the purchase price.

retains a security interest for the purchase price. *Byrne v. Kanig,* 231 Pa. Super. 531, 535, 332 A.2d 472, 474 (1974) citing to *DiDinato v. Reliance Standard Life Insurance Co.,* 433 Pa. 221, 249 A.2d 327 (1969); *Payne v. Clark,* 409 Pa. 557, 187 A.2d 769 (1963). Under the doctrine of equitable conversion the equitable owner bears the risk of loss for any damage occurring to the property subsequent to the execution of the agreement of sale. *Id.* Shifting the risk of loss to the equitable owner of the property is indicative of a change of ownership position as between the vendor/seller and the vendee/buyer.

The court in *Byrne v. Kanig, supra,* applying the doctrine of equitable conversion to an installment land contract found that such a contract constitutes a "sale" of property. In so doing, that court adopted the following reasoning:

"Whenever an unconditional agreement has been made for the sale of land, such as equity will enforce it, *it may properly be referred to and treated as sold.* Then the vendee becomes the equitable owner, and the vendor holds the legal title as trustee, *Bauer v. Hill,* 267 Pa. 559, 110 Atl. 346 (1920). *So much is the vendee considered . . . as actually sei[s]ed of the estate, that he must bear any loss which may happen to the estate between the agreement and the conveyance,* and he will be entitled to any benefit which may accrue to it in the interval, because by the contract he is the owner of the premises to every intent and purpose in equity. *Spratt v. Greenfield,* 279 Pa. 437, 439, 124 Atl. 126 (1924), quoting *Richter v. Selin,* 8 S.&R. 425, 440 (1882)." *Byrne .v. Kanig,* 231 Pa. Super. at 535, 332 A.2d at 474. (emphasis supplied)

In the case of *New Home Federal Savings & Loan Assoc. v. Trunk,* 22 D.&C. 3d 400 (1982), the Common Pleas Court of Lancaster County concluded

that an installment land contract is a sale of property and not a lien subordinate to the vendor's mortgage. As such, the court held that the installment land contract activates the due on sale clause contained in the vendor's mortgage. Implicit in the court's holding is the application of the doctrine of equitable conversion. Specifically, the court maintained that vendees who acquire property pursuant to an installment land contract obtain the rights to beneficial ownership, possession and enjoyment of the property. Those rights fall outside the concept of "lien or encumbrance." *Id.* at 409-10.

Thus, a "sale" occurs with the passage of the equitable interest and not when the agreement is fully executed and the deed tendered.

In the present case, equitable title to the subject property passed to Mark and Patricia Miller at the time they and defendant executed the "Articles of Agreement for Sale of Real Estate." It was at that time the sale occurred. Under the terms of the mortgage agreement between plaintiff and defendant, the due on sale clause was triggered by that sale. Therefore, the mortgage amount is due and payable in full to the mortgagee.

The finding that the due on sale clause was activated by the contract between the defendant and Mark and Patricia Miller ends this court's inquiry. Based on that, and in light of the fact that no issues of fact exist on the record, summary judgment is granted in favor of plaintiff.

## ORDER

And now, April 6, 1988 it is hereby ordered, adjudged and decreed that plaintiff's motion for summary judgment is granted in favor of plaintiff.